LLOYDS AMERICA *v.* BROWN *et al.*

No. 12480.   NOVEMBER 29, 1938.

242

*Bussey & Fulcher,* for plaintiff in error.

*Pierce Brothers* and *Fred L. Harrison Jr.,* contra.

ATKINSON, Presiding Justice. In an action for damages against the owner of an automobile truck, the driver, and the insurance carrier, based on negligence of the driver in operating the truck, a demurrer was interposed by the insurance carrier on the ground, among others, that such insurance carrier could not be sued in the same action with the motor carrier. In support of this ground it was urged that the provision in the amending act, "if a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action whether arising in tort or contract," is unconstitutional. The alleged grounds of unconstitutionality were that this provision is unconstitutional (a) as violative of article 1, section 4, paragraph 1, of the constitution of Georgia (Code, § 2-401), which provides that no special law shall be enacted in any case for which provision has been made by an existing general law, and at the time of the passing of the amending act, which is a special law, provision had been made by an existing general law (Code, § 3-113) for the bringing of actions ex delicto and actions ex contractu in separate actions; (b) as violative of article 1, section 1, paragraph 2, of the constitution of Georgia (Code, § 2-102), which provides that protection to persons and property is the paramount duty of government, and shall be impartial and complete; (c) as violative of the fourteenth amendment to the constitution of the United States (Code, § 1-815), which provides that no State shall make or enforce any law which shall abridge the privileges or immunities of a citizen of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law, nor deny to any citizen within its jurisdiction the equal protection of the laws. The judge overruled the demurrer, and the insurance carrier excepted.

The attack is upon that part of the act of 1937 (Ga. L. 1937, p. 730), which reads: "If a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier

and the insurance carrier in the same action whether arising in tort or contract." The attack is that this part of the act "is a *special law,* undertaking to give a right to sue in one action claims ex contractu and claims ex delicto," and is void as violative of article 1, section 4, paragraph 1, of the constitution of Georgia (Code, § 2-401), inhibiting the passage of special laws in any case for which provision has been made by an existing general law, in that at the time of the passage of the act provision had been made by an existing general law as contained in the Code, § 3-113, for the bringing of actions ex delicto and actions ex contractu separately. In the brief of the attorneys for the plaintiff the attack is focused on the proposition that this portion of the act is a special law, because founded on unreasonable classification. The argument assumes that § 3-113 is a general law and its provisions cover the same matter quoted from the act. The portion of the act must be considered in connection with the entire act of which it is a part, passed in exercise of the police power of the State. When so considered, while dealing with a question of procedure—joinder of causes of action, it does not make an arbitrary and unreasonable classification, or constitute a special law within the meaning of the above provision of the constitution. See *Mathis* v. *Jones,* 84 *Ga.* 804, 808 (11 S. E. 1018); *Gray* v. *McLendon,* 134 *Ga.* 224 (3) (67 S. E. 859); *King* v. *State,* 136 *Ga.* 709 (2), 718 (71 S. E. 1093); *Silver* v. *State,* 147 *Ga.* 162 (2), 164 (93 S. E. 145). It is a general law applicable alike to all motor carriers and insurance companies filing bonds or policies in accordance with the terms of the act, and is not confined in its operation to any particular locality or person or transaction, and does not violate the cited provision of the constitution. The judge did not err in overruling the demurrer to the petition for any reason assigned.

*Judgment affirmed. All the Justices concur.*