21909. HARPER MOTOR LINES, INC. et al. v. ROLING.
21910. HARPER MOTOR LINES, INC. et al. v. COBB.

Argued January 14, 1963—Decided March 25, 1963—
Rehearing denied April 8, 1963.

*Heard & Leverett*, for plaintiff in error.
*William O. Carter*, contra.

Grice, Justice. Was the motor common carrier's liability insurer properly joined as a defendant in these actions for personal injuries against the motor carrier and its driver?

The plaintiffs contend that our statutes authorize such joinder here because this motor carrier was qualified and certified for intrastate as well as for interstate commerce. But the defendants assert that they do not authorize it here, where the motor carrier, although qualified and certified for both intrastate and interstate commerce, was actually operating solely in interstate commerce at the time of the injury sued upon; and that if the statutes do authorize such joinder they are unconstitutional.

These issues stem from rulings made on the pleadings in damage suits filed in the Superior Court of Stephens County, Georgia, by Hoyt D. Cobb and T. B. Roling against Harper Motor Lines, Inc., its driver, Thomas Hubert Howard, and its insurance carrier, Allstate Insurance Company. Cobb and Rol-

ing claimed that they sustained personal injuries from a collision between a truck operated by Cobb, in which Roling was a passenger, and a tractor-trailer owned by Harper Motor Lines, Inc., and driven by Howard.

The defendants interposed general and special demurrers attacking the petitions as a whole and various paragraphs on grounds going to the merits of the cause of action, the allegations as to negligence, mention of insurance, misjoinder of the motor carrier's liability insurer, and the constitutionality of certain statutes relating to joinder of such insurer. They also filed pleas in abatement based on the misjoinder and constitutional grounds. The trial court dismissed the pleas and overruled all of the grounds of the demurrers, and it is on those rulings that error is assigned.

■ The applicable statutes are section 7, as amended (Ga. L. 1937, pp. 730, 731; *Code Ann.* § 68-612), and section 30 (*Code* § 68-633) of the Motor Common Carriers Act of 1931 (Ga. L. 1931, pp. 199 et seq.).

That act prescribes the conditions and regulations under which motor common carriers are permitted to operate upon highways in this State. It requires that all such carriers, except those engaged solely in interstate commerce, obtain a certificate of convenience and necessity from the Georgia Public Service Commission in order to operate on the highways of Georgia.

Section 7 of the act deals with intrastate carriers. It requires that they, as a prerequisite to obtaining the required certificate, file a bond or liability insurance policy with the Commission (unless self-insurance is permitted by the Commission) for the protection of their passengers, baggage and shippers and of the public against injury caused by the carrier's negligence. As originally enacted in 1931, section 7 was silent as to joinder of such surety or insurer in suits against the motor carrier. However, an amendment to this section in 1937 (Ga. L. 1937, pp. 730, 731) expressly repealed it but re-enacted all of its original provisions verbatim, along with the addition of two sentences, which are at the center of the controversy here. Those two sentences are: "It shall be permissible under this Act for any person having a cause of action arising hereunder in tort or contract, to

join in the same suit the motor carrier and its surety, in the event a bond is given. If a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action whether arising in tort or contract."

Plaintiffs assert that those quoted words authorize joinder of the motor carrier's insurer if the motor carrier is qualified and certified for intrastate commerce, without regard to the commerce actually done. They take the position that certification as an intrastate carrier and procurement of insurance coverage, filed with and approved by the Commission, are sufficient to subject the carrier to joinder under this section.

Section 30 of the 1931 act relates to interstate carriers and to carriers engaged in both interstate and intrastate commerce. By its terms a motor common carrier engaged solely in interstate commerce may operate on the highways of this State without a certificate but must register its routes and certain other information with the Commission and "shall give the bond or indemnity insurance prescribed by this Act (omitting the protection in respect of their own passengers and cargoes) . . ." It also recites that "Where a motor common carrier is engaged in *both* interstate and intrastate commerce he shall nevertheless be subject to all the provisions of this act so far as it separately relates to his commerce done exclusively in this state. It is not intended that the Commission shall have the power of regulating the interstate commerce of such motor common carrier, except to the extent herein expressly authorized as to such commerce. . . When a motor common carrier is engaged *both* in intrastate and in interstate commerce, he shall be subject to all the provisions of this Act so far as they separately relate to his commerce done in this state." (Emphasis ours.)

Defendants contend that the language here subjects a carrier, which is qualified and certified for both intrastate and interstate commerce, to the provisions of the act dealing with intrastate carriers when it is actually carrying on intrastate commerce and to the provisions dealing with interstate carriers when it is actually operating in interstate commerce. Their position is that since section 7, supra, deals with intrastate carriers, a

carrier certified for both types of commerce would be subject to that section and its joinder provision only if and when the commerce actually being done by the carrier was intrastate.

This brings us to the focal point of the issue. Where a carrier is qualified and certified for both intrastate and interstate commerce, does the joinder provision of section 7 apply when the commerce being done by the carrier at the time of the injury sued upon is solely interstate?

After considerable study of this problem we conclude that under such circumstances joinder is authorized.

This precise question has not heretofore been passed upon by this court. However, the United States Court of Appeals for the Fifth Circuit, in Acme Freight Lines, Inc. v. Blackmon, 131 F2d 62 (1942), determined that Georgia law allows such joinder. It held that "where, as here, persons are injured upon the highways of Georgia by the negligence of the carrier [qualified and certified as a common carrier for hire both in interstate and intrastate commerce], they are properly entitled to rely upon the protection required by Georgia law, and this is true whether the particular vehicle was at the time of the accident engaged in interstate or intrastate commerce." See also, Gallahar v. George A. Rheman Co., Inc., 50 FSupp. 655 (S.D.Ga. 1943).

The new section 7, provided by the 1937 amendment referred to above, recites: "It shall be permissible under this Act for any person having a cause of action arising hereunder . . . to join the motor carrier and the insurance carrier in the same action . . ." No distinction is made between causes of action arising against motor carriers operating in intrastate commerce and causes of action arising against those operating in interstate commerce, both of which are required by the act to file bond or insurance to furnish protection to the public against their negligence in this State. This new section 7 superseded the original section 7 of the 1931 Motor Common Carriers Act and became as much a part of that act as the section it replaced. Therefore, the words "under this Act" must refer to the entire 1931 act. Our interpretation of this language, then, is that in actions against a motor carrier, required by that act to file such bond or insurance with the Commission, joinder of the motor carrier's insurer is authorized, regardless of whether the carrier

is operating in interstate or intrastate commerce at the time of the injury. We so hold.

Section 30, relied upon by the defendants, does not require a different result. It subjects a carrier qualified and certified as an intrastate carrier in Georgia to the provisions of the act dealing with such carriers, including section 7.

(a) Grounds 4, 5, 6, 7, 8, 9, 10, 18, 19 and 22 of the defendants' demurrers to the petitions relate to joinder of the motor carrier's insurer and mention of insurance. They are thus controlled by the above ruling that such joinder is authorized and were properly overruled.

(b) The above ruling also controls the grounds of defendants' pleas in abatement which assert unauthorized joinder of the motor carrier's liability insurer as a reason for abatement.

■ The defendants also attack the constitutionality of sections 7 and 30 of the 1931 Motor Common Carriers Act, as amended.

(a) Grounds 2 and 3 of their demurrers to the petitions assert that the entire sections 7 and 30 are unconstitutional in that they effectuate an arbitrary and unreasonable classification, in violation of the equal protection and due process clauses of the Georgia Constitution (Art. I, Sec. I, Par. II, *Code Ann.* § 2-102, and Art. I, Sec. 1, Par. III, *Code Ann.* § 2-103), and of the Fourteenth Amendment to the United States Constitution, and that they constitute a special law where provision has already been made by general law, in violation of the Georgia Constitution (Art. I, Sec. IV, Par. I, *Code Ann.* § 2-401).

As to these demurrers, the rule is that where a statute is challenged as a whole the attack will necessarily fail unless the statute is invalid in every part for some reason alleged. *Stegall v. Southwest Ga. Housing Authority*, 197 Ga. 571 (1) (30 SE2d 196). That rule applies with equal force where, as here, entire sections of an act are challenged. If any part of the section is not subject to the criticism made, an omnibus attack cannot be sustained. Sections 7 and 30 contain provisions which could not possibly be subject to the attacks here, and hence should not be stricken down. Therefore, grounds 2 and 3 of the demurrers, attacking each of these sections in its entirety, were properly overruled.

■

(b) The defendants' pleas in abatement attack the constitutionality of that portion of section 7 which authorizes joinder of the motor carrier's insurer or surety.

Their pleas assert that the two sentences authorizing such joinder violate the equal protection and due process clauses of the Georgia Constitution (Art. I, Sec. I, Par. II, *Code Ann.* § 2-102; Art. I, Sec. I, Par. III, *Code Ann.* § 2-103) and the Fourteenth Amendment to the Constitution of the United States, in that the objective and effect of this joinder provision is to prejudice motor common carrier defendants, their drivers and insurers by injecting the matter of insurance into cases involving liability claims against them. The pleas contend that such injection of insurance causes juries to return verdicts adverse to such defendants without regard to liability; and that joinder of motor carriers' insurers while other defendants in general are not subject to such treatment effectuates an unreasonable classification and discrimination without any rational basis, thereby denying these defendants equal protection of the laws.

Such pleas further attack this portion of section 7 upon the ground that injection of liability insurance into actions against these defendants constitutes a special law contrary to existing general law, in violation of the Georgia Constitution (Art. I, Sec. IV, Par. I, *Code Ann.* § 2-401).

It is our view that these attacks cannot be sustained.

In *Lloyds America v. Brown,* 187 Ga. 240 (200 SE 292), this same portion of section 7 was held not subject to three of the attacks now being made here, to wit, that it violates the equal protection and the uniform application of laws clauses of the Georgia Constitution (Art. I, Sec. I, Par. II, *Code Ann.* § 2-102, and Art. I, Sec. IV, Par. I, *Code Ann.* § 2-401), and the Fourteenth Amendment to the Constitution of the United States. The reasons given for these attacks in the *Lloyds* case, although not identical with those advanced here, were in substance the same. That decision controls here as to these three attacks.

The one remaining attack urged here, but not made in the *Lloyds* case, is that this portion of section 7 violates the due process clause of the Georgia Constitution (Art. I, Sec. I, Par. III, *Code Ann.* § 2-103). This attack is fundamentally the same

as the other three in that it is also based upon the objective and effect of joinder.

The grounds of defendants' pleas in abatement attacking the constitutionality of the joinder portion of section 7 are not meritorious.

(c) In view of the rulings made in Divisions 1(b) and 2(b), the defendants' pleas in abatement were properly dismissed.

■ We come now to the remaining grounds of defendants' demurrers to the petitions.

(a) Grounds 1, 11, 12, 13, 15, 16, 20 and 21 were not argued in brief or otherwise insisted upon and thus are deemed abandoned.

(b) Ground 17 of each of the demurrers urged that paragraphs 56(i) of the petitions, relying upon reasonable and prudent speed provisions of *Code Ann.* § 68-1626(a) as negligence are surplusage since the petitions elsewhere allege violation of specific speed laws and traffic control signs. After considering the motor vehicle statutes involved, we conclude that reliance upon the other statutes does not preclude reliance upon *Code Ann.* § 68-1626(a) also. This ground is without merit and was properly overruled.

*Judgments affirmed. All the Justices concur.*