A89A1853. YOUNG et al. v. MARTIN DRILLING & BLASTING, INC. et al.
(392 SE2d 714)

COOPER, Judge.

Appellants appeal the dismissal of their case following transfer of the case pursuant to Rule 19.1 of the Uniform Rules for the Superior Courts (URSC).

Appellants brought this action in Fulton County against appellees, who resided in Gwinnett County, and two other defendants, who resided in Fulton County. Appellants obtained a default judgment against one of the appellees, and after the dismissal of both the Fulton County defendants, the case was ordered transferred to Gwinnett County. The transfer order stated "that upon payment of all costs within the time provided in URSC 19.1 this action shall be

transferred. . . ." After the case was transferred, the court dismissed the case because appellants failed to pay the costs within 20 days of the transfer as required by Rule 19.1 (G).

1. Rule 19.1 (G) of the URSC provides that when a case is transferred and the plaintiff does not pay the costs within 20 days of billing, the case shall automatically stand dismissed. Rule 19.1 (F) of the URSC provides that the transfer order *"shall state* that unless plaintiff pays all accrued costs within 20 days of mailing or delivery of the cost bill to plaintiff, the action shall automatically stand dismissed without prejudice." (Emphasis supplied.) The transfer order entered by the trial court did not contain the mandatory language required by Rule 19.1 (F). The requirement of reasonable notice found in Rule 19.1 (F) should be read as requiring reasonable notice of the transfer, and of the automatic dismissal which will occur if the costs are not paid within 20 days of billing. To allow the order to merely substantially comply with the rule would deprive appellants of their default judgment against one party and their right to pursue a judgment against another. Furthermore, a rule couched in plain and unambiguous language should not be susceptible to "substantial compliance." See *Bible v. Bible*, 259 Ga. 418 (383 SE2d 108) (1989). Mere reference to the rule is insufficient to meet the requirement of Rule 19.1 (F) that the order *"shall state"* that the case will be automatically dismissed if costs are not paid within a certain time, and the trial court erred in dismissing the action for failure to pay costs within 20 days.

2. The appellees' motion for frivolous appeal is denied.

*Judgment reversed. Carley, C. J., McMurray, P. J., and Birdsong, J., concur. Beasley, J., concurs in judgment only. Deen, P. J., Banke, P. J., Sognier and Pope, JJ., dissent.*

DEEN, Presiding Judge, dissenting.

The majority opinion insists upon strict compliance with Rule 19.1 of the Uniform Superior Court Rules. In doing so, it misapplies the rule of substantial compliance.

Substantial compliance with a uniform rule is sufficient if it does not deprive a party of substantial rights. *Sweatman v. State*, 181 Ga. App. 474 (1) (352 SE2d 796) (1987). The proper concern is over the deprivation (and not the mere involvement) of substantial rights resulting from a particular execution of a uniform rule. See *Houston v. State*, 187 Ga. App. 335 (370 SE2d 178) (1988).

In the instant case, the transferring court in Fulton County ordered the case to be transferred "upon payment of all costs by plaintiff within the time provided by URSC 19.1." The superior court clerk sent a cost bill to the appellants' attorney on April 2, 1986, but costs were never paid. On May 23, 1988, the clerk re-billed the appellants, and on May 31, 1988, more than two years after the original billing,

the appellants paid the costs. Following transferral of the case to Gwinnett County, the trial court dismissed the case for the appellants' failure to pay costs within 20 days as required by Rule 19.1 of the Uniform Superior Court Rules. In my view, under these circumstances it was not the degree of the trial court's compliance with Rule 19.1 that caused the deprivation of any substantial rights of the appellants, but the appellants' own inexcusable neglect to pay their bills.

I believe that the transferring court's order, referencing the time requirement provided by Rule 19.1, sufficiently invoked the operation of that Rule, and that the trial court in Gwinnett County properly dismissed the action. Accordingly, I must respectfully dissent.

I am authorized to state that Presiding Judge Banke, Judge Sognier, and Judge Pope join in this dissent.

DECIDED FEBRUARY 21, 1990 —
REHEARING DENIED MARCH 28, 1990 —

*Fortson & Associates, Walter L. Fortson,* for appellants.
*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, David S. Thomson, Gray, Gilliland & Gold, John B. Austin,* for appellees.