A94A0606. WBC HOLDINGS, INC. et al. v. THORNTON et al.
(443 SE2d 686)

POPE, Chief Judge.

Defendant WBC Holdings, Inc. is a foreign corporation registered to do business in the State of Georgia, with its registered agent for service[1] located in Fulton County. Plaintiffs brought this suit in Fulton County, alleging that the defendant corporation and one of its managers committed intentional torts against them in Bibb County. Defendants' motion to transfer due to improper venue was denied, and we granted defendants' motion for interlocutory appeal.

The venue statute of our new corporations code provides that "[f]or the purpose of determining venue, each . . . foreign corporation authorized to transact business in this state shall be deemed to reside: (1) [f]or purposes of proceedings generally,' in the county where its registered office is maintained . . . ; (3) [f]or purposes of proceedings for damages because of torts, wrong, or injury done, in the county where the cause of action originated, if the corporation has an office and transacts business in that county." OCGA § 14-2-510 (b) (1 & 3). Defendants contend that the use of the mandatory words "shall be deemed to reside" means that in any given action against a foreign corporation the corporation has only one county of residence, and that for a tort action that county is the county in which the alleged tort occurred. However, we do not think it reasonable to read "proceedings generally" to exclude tort, contract and garnishment actions (subsections (b) (2 & 4) deal with the latter two types of suits). More-

---

[1] Pursuant to OCGA § 14-2-501, the registered agent's business office must be the corporation's registered office.

over, defendants' contention that the provisions are mutually exclusive is belied by OCGA § 14-2-510 (c), which states that "[a]ny residences established by this Code section shall be in addition to, and not in limitation of, any other residence that any . . . foreign corporation may have by reason of other laws." We have held that the venue provisions of OCGA § 14-2-510's predecessor statute were clearly cumulative, see *Savannah Laundry &c. Co. v. Owenby*, 186 Ga. App. 130, 132 (366 SE2d 787) (1988), and the minor changes between that statute and the new one[2] did not change the provisions from cumulative to mutually exclusive as defendants urge. Accord *Gault v. Nat. Union Fire Ins. Co.*, 208 Ga. App. 134 (2) (430 SE2d 63) (1993).

Thus, a foreign corporation's residence for purposes of venue in a tort action is both the county in which it has its registered office and the county in which the tort occurred if the corporation has an office and transacts business in that county. In this case, defendant WBC Holdings has its registered office in Fulton County, so the trial court did not err in denying defendants' motion to transfer the case.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED APRIL 19, 1994.

*Ogletree, Deakins, Nash, Smoak & Stewart, Homer L. Deakins, Jr., Gregory J. Hare*, for appellants.
*Gordon L. Joyner*, for appellees.

---

[2] Aside from minor organizational differences, the only difference between OCGA § 14-2-510 and its predecessor, OCGA § 14-2-63, is that the old version of the statute said the corporation "shall be deemed to reside and may be sued" in the county where the tort cause of action originated, while the new version says the corporation "shall be deemed to reside" in the county where the tort cause of action originated. As a defendant may always be sued where he resides, this change simply eliminated unnecessary words.