A94A1610. WILLIAMS v. SOUTHERN DRAYAGE, INC. et al.
(446 SE2d 758)

BLACKBURN, Judge.

Appellant, Norman Lee Williams, was injured in a motor vehicle accident when the automobile he was operating was struck by a tractor-trailer owned by Southern Drayage, Inc. ("Southern"), while being operated by Charles Armstrong. At the time of the accident, Vanliner Insurance Company ("Vanliner"), insured Southern, and Williams brought this action for personal injuries against Southern, Armstrong and Vanliner. Williams' complaint seeks to recover damages for his injuries directly from Vanliner under OCGA § 46-7-12 (e), commonly referred to as Georgia's direct action statute. The trial court granted summary judgment for Vanliner and this appeal followed.

The record shows that at the time of the accident, Southern was a motor common carrier engaged solely in interstate commerce in this state. Southern was operating under a registration permit and identification stamps required for solely interstate carriers pursuant to OCGA § 46-7-16 (a). Vanliner contends that because Southern was a common carrier engaged solely in interstate commerce and because Southern was not required to, and did not possess, a certificate of public convenience and necessity from the Georgia Public Service Commission, Williams may not maintain a direct action against Vanliner under OCGA § 46-7-12 (e). We disagree and reverse.

Chapter 7 of Title 46 of the Official Code of Georgia applies to motor carriers operating in this state. Article 1 of Chapter 7 applies to motor common carriers, and Article 2 of Chapter 7 applies to motor contract carriers. OCGA § 46-7-12 (e) from Article 1 and OCGA § 46-7-58 (e) from Article 2 are identical and provide: "It shall be permissi-

ble under this article for any person having a cause of action arising under this article in tort or contract to join in the same action the motor carrier and its surety, in the event a bond is given. If a policy of indemnity insurance is given in lieu of bond, *it shall be permissible to join the motor carrier and the insurance carrier in the same action,* whether arising in tort or contract." (Emphasis supplied.) These statutes allow a motorist injured in a collision with a truck operated by a motor carrier engaged in *intrastate* commerce to join the carrier and its liability insurer, whether the carrier be a common carrier or a contract carrier. See *Westport Trucking Co. v. Griffin,* 254 Ga. 361, n. 1 (329 SE2d 487) (1985).

In *Westport,* our Supreme Court addressed the issue of whether a motorist injured in a collision with a truck operated by a motor *contract* carrier engaged solely in *interstate* commerce may join the motor carrier's liability insurer in the motorist's suit for personal injuries. 254 Ga. 361. The Court held such a motorist could join the liability carrier, specifically finding that OCGA § 46-7-58 (e) applies to interstate as well as intrastate carriers. Id. at 363-364.

As the provisions of the Official Code of Georgia regulating motor contract carriers and motor common carriers are virtually identical, we find the rationale in *Westport* controls the outcome of the case at bar. Accordingly, we find OCGA § 46-7-12 (e), which is identical to OCGA § 46-7-58 (e), also applies to interstate as well as intrastate carriers, and therefore, Williams may maintain a direct action against Vanliner. See *Westport,* supra; see also *Harper Motor Lines v. Roling,* 218 Ga. 812, 816-817 (130 SE2d 817) (1963); *Ellerbee v. Interstate Contract Carrier Corp.,* 183 Ga. App. 828 (1) (360 SE2d 280) (1987); *Kimberly v. Bankers &c. Ins. Co.,* 490 FSupp. 93 (N.D. Ga. 1980) (under almost identical facts, holds Ga. Code Ann. § 68-612, now OCGA § 46-7-12 (e), allows direct actions against insurers of interstate common carriers).

Vanliner's reliance on *Johnson v. Woodard,* 208 Ga. App. 41 (429 SE2d 701) (1993), to support the proposition that OCGA § 46-7-12 (e) does not allow direct actions against insurers of interstate carriers is misplaced. *Johnson* involved the issue of whether OCGA § 46-7-12 (e) applies to a collision involving a Georgia resident and an *intrastate* carrier holding a certificate of public convenience and necessity, where the collision occurred in another state, and does not address the issue presented in the instant case. Accordingly, the trial court erred in granting Vanliner's summary judgment motion.

*Judgment reversed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 28, 1994 —
RECONSIDERATION DENIED JULY 14, 1994 —

C. Lawrence Jewett, Jr., for appellant.
Dennis, Corry, Porter & Gray, William E. Gray II, J. Steven Fisher, Stephanie F. Goff, for appellees.