A94A2038. SOUTHERN DRAYAGE, INC. et al. v. WILLIAMS.
(455 SE2d 418)

POPE, Presiding Judge.

This case arises out of a traffic accident which occurred in Gwinnett County, Georgia on November 4, 1990.

Plaintiff Dianna H. Williams, a Gwinnett County resident, was a passenger in a car that was struck by a tractor-trailer. The tractor-trailer was owned by defendant Southern Drayage, Inc., an interstate motor common carrier, and driven by Southern Drayage's employee, defendant Charles Armstrong. Defendant Vanliner Insurance Company is Southern Drayage's liability insurance carrier. On October 2, 1992, plaintiff filed suit against the above-named defendants in the State Court of Fulton County, Georgia. Defendants answered, denying liability. Southern Drayage and Armstrong subsequently filed a motion to transfer venue. By consent order (Consent Order) dated August 25, 1993, the parties agreed to transfer the case as it related to Southern Drayage and Armstrong to the State Court of Gwinnett County. The parties also agreed that jurisdiction and venue as to

Vanliner was proper and would remain in Fulton County. On September 21, 1993, plaintiff received the bill of costs from the Clerk of the State Court of Fulton County. It is undisputed that plaintiff never paid the court costs.

On October 25, 1993, plaintiff filed a motion for reconsideration with the State Court of Fulton County seeking to have the Consent Order set aside and vacated. Vanliner filed a motion to dismiss, or in the alternative, for summary judgment on November 24, 1993. By order dated February 7, 1994, the trial court granted plaintiff's motion for reconsideration and upon reconsideration denied Southern Drayage and Armstrong's motion to transfer venue. The trial court also denied Vanliner's summary judgment motion. The trial court then issued a certificate for immediate review, and we granted defendants' application for interlocutory appeal.

1. Southern Drayage and Armstrong contend that the trial court erred in reconsidering the Consent Order and in subsequently denying their motion to transfer venue. Specifically, they argue that at the time the trial court set aside the Consent Order, the case had already been transferred and dismissed as a matter of law in accordance with Uniform State Court Rule 19.1 (G). We disagree. Rule 19.1 (G) provides that when a case is transferred and the plaintiff does not pay the costs within 20 days of billing, the case shall automatically stand dismissed. However, Rule 19.1 (F) provides that the transfer order "*shall state* that unless plaintiff pays all accrued court costs within 20 days of mailing or delivery of the cost bill to plaintiff, the action shall automatically stand dismissed without prejudice." (Emphasis supplied.) In this case, the Consent Order did not contain the language required by Rule 19.1 (F), and therefore does not comply with that Rule. See *Young v. Martin Drilling & Blasting*, 195 Ga. App. 133, 134 (1) (392 SE2d 714) (1990). Moreover, the Consent Order cannot be said to be in substantial compliance with Rule 19.1 (F) because it makes no mention whatsoever of the payment of accrued court costs. See *Young*, 195 Ga. App. at 134-135 (Deen, P. J., dissenting). Consequently, the lawsuit does not stand dismissed as a matter of law.

2. We also reject the contention that the trial court lacked the authority to reconsider and vacate the Consent Order. During the term in which a judgment or order is rendered, the trial judge has the power "to revise, correct, revoke, modify, or vacate . . ." the judgment or order if a meritorious reason exists for doing so. See *Pekor v. Clark*, 236 Ga. 457, 458 (1) (224 SE2d 30) (1976); OCGA § 9-11-60 (h). Here, the record demonstrates that the parties stipulated in the Consent Order that jurisdiction and venue as to Vanliner was proper in Fulton County. Yet after the Consent Order was entered, defendants' counsel indicated that he intended to contest jurisdiction over Vanliner. Based on the above, we conclude that there were meritori-

ous reasons for the trial court to reconsider and vacate the Consent Order.

3. Southern Drayage and Armstrong argue that after vacating the Consent Order, the trial court improperly denied their motion to transfer venue to Gwinnett County. We agree. It is well settled that "[v]enue for suits against individuals ordinarily lies in the county of the defendant's residence, and venue as to corporations, whether foreign or domestic, is established by statute. 1983 Ga. Const., Art. VI, Sec. II, Par. VI." *Gault v. Nat. Union Fire Ins. Co. of Pittsburgh*, 208 Ga. App. 134, 135 (430 SE2d 63) (1993). Here, the record shows that Southern Drayage is a nonresident motor carrier engaged exclusively in interstate commerce. It is undisputed that it is registered in Georgia pursuant to Section 46-7-16 (a) of the Motor Carrier Code. Although Southern Drayage does not have a place of business in Georgia, it does have a registered agent for service of process in Fulton County. This agent was appointed in accordance with OCGA § 46-7-17 (a).

Under Section 46-7-17 (b) of the Motor Carrier Code, actions against nonresident motor common carriers may be brought in the county in which the cause of action arose. In this case that would be Gwinnett County. However, OCGA § 46-7-17 (b) also expressly states that the venue prescribed therein "shall be cumulative of any other venue provided by law." Plaintiff argues that as a foreign corporation authorized to transact business in this state, Southern Drayage is deemed to reside in the county where its registered office is maintained (Fulton County) in accordance with Section 14-2-510 (b) of the Georgia Business Corporation Code. This argument is fundamentally flawed. Although it is true that under OCGA § 14-2-510 we have determined that a registered agent's business office must be the corporation's registered office, *WBC Holdings v. Thornton*, 213 Ga. App. 48, n. 1 (443 SE2d 686) (1994), the venue prescribed in that Code section relates only to domestic and foreign corporations "authorized to transact business in this state." The record clearly demonstrates that in this case Southern Drayage is not a foreign corporation authorized to transact business in the State of Georgia. Moreover, because its operations are exclusively interstate in nature, Southern Drayage is not required to obtain a certificate of authority from the Secretary of State because "(e)ffecting transactions in interstate or foreign commerce" is not considered "transacting business" in the state. See OCGA § 14-2-1501 (b) (11). Accordingly, the venue provisions of the Business Corporation Code are not applicable to Southern Drayage in this case. Based on the above, we find the cases cited by plaintiff in support of her contention that venue as to Southern Drayage is appropriate in Fulton County, merely because it has a registered agent for service there, unpersuasive and factually distinguishable from the

case at bar.

Furthermore, under the Nonresident Motorist Act, OCGA § 40-12-3, venue as to either Southern Drayage or Armstrong, who is a resident of Mississippi, would only be appropriate in Gwinnett County because the accident occurred in Gwinnett County; plaintiff is a resident of Gwinnett County; and there are no resident joint tortfeasors involved in this case.[1] Because there are no resident joint tortfeasors here, the venue provision found in Article VI, Section II, Paragraph IV of the Georgia Constitution also is not applicable. Additionally, venue under Georgia's Long Arm Statute as to Armstrong only would be appropriate in Gwinnett County. See OCGA § 9-10-93.

In light of the foregoing, we hold that the trial court erred in denying Southern Drayage and Armstrong's motion to transfer venue. We therefore reverse the denial of said motion and remand the case to the trial court with the instruction that the action against Southern Drayage and Armstrong be transferred to the State Court of Gwinnett County.

4. Finally, we find no merit to Vanliner's contention that it is entitled to summary judgment because the trial court lacks subject matter jurisdiction to hear this case. We note that this same argument was made by Vanliner and rejected by this court in *Williams v. Southern Drayage*, 213 Ga. App. 895 (446 SE2d 758) (1994).[2] Consequently, the trial court did not err in denying Vanliner's motion for summary judgment.

*Judgment affirmed in part and reversed and remanded in part with instruction. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 17, 1995.

*Dennis, Corry, Porter & Gray, William E. Gray II, Stephanie F. Goff, J. Steven Fisher,* for appellants.

*C. Lawrence Jewett, Jr.,* for appellee.

---

[1] In this case, Vanliner cannot be considered a joint tortfeasor for venue purposes because the cause of action against it arises in contract. See *Thomas v. Bobby Stevens Hauling Contractors*, 165 Ga. App. 710, 711, 713-714 (1) (302 SE2d 585) (1983).

[2] *Williams v. Southern Drayage,* supra, is a companion case to the case at bar, and was originally brought by plaintiff's husband, Norman Williams, in the Superior Court of Fulton County. In that case we reversed the trial court's grant of summary judgment to Vanliner which was premised on lack of subject-matter jurisdiction.