A02A0609. MIRANDA v. RODRIGUEZ et al.
(564 SE2d 830)

RUFFIN, Judge.

Antonio Miranda, M.D., appeals from the trial court's order concluding that his lawsuit stood automatically dismissed after he failed to timely pay court transfer costs. For reasons that follow, we reverse.

The record shows that Miranda sued Southern Medical Clinics, P.A. d/b/a Corporate Center Clinic ("the Clinic") and its president, Martin Rodriguez, M.D., in the Superior Court of Cobb County for breach of an employment contract. The trial court granted Miranda summary judgment, and Rodriguez and the Clinic appealed. On appeal, we affirmed the trial court's judgment as to the Clinic, but reversed the entry of judgment against Rodriguez personally.[1]

Following remand, the Clinic, a Fulton County resident, moved to set aside the judgment against it, arguing that venue in Cobb County became improper when we reversed the judgment against

---

[1] See *Rodriguez v. Miranda*, 234 Ga. App. 779, 783-784 (2), (3) (507 SE2d 789) (1998).

Rodriguez, a Cobb County resident. The trial court agreed, set aside the judgment, and on May 16, 1999, ordered that the action be transferred to the Superior Court of Fulton County. In its transfer order, the trial court stated that "[t]he Plaintiff shall be responsible for any transfer costs" and cited Uniform Superior Court Rule 19.1.

On May 19, 1999, the Cobb Superior Court clerk sent Mark Johnson, one of Miranda's counsel of record, a bill of costs relating to the transfer.[2] The clerk's accompanying cover letter stated: "Upon receipt of these costs, the case will be transferred to Fulton County. If the costs are not paid within 20 days from receipt of this letter, the case will automatically stand dismissed." Johnson received the cost bill on May 20, 1999, and forwarded it to Thomas Kenney, another Miranda attorney, on June 16, 1999. Kenney paid the cost bill the following day.

Over two years later, the Clinic filed a notice of automatic dismissal by operation of law with the Fulton County Superior Court. In that notice, the Clinic asserted that Miranda had not paid the transfer costs within the 20-day time period, resulting in an automatic dismissal. Noting that Miranda satisfied the cost bill 28 days after Johnson received it, the Fulton County court affirmed the Clinic's notice of automatic dismissal. Miranda now appeals.

USCR 19.1 (F) provides:

No action or proceeding may be transferred except upon written order of the court in which the action pends (transferor court), reasonable notice of which shall be given to all parties. *This order* shall specify the court to which the matter is to be transferred (transferee court) and *shall state that unless plaintiff pays all accrued court costs within 20 days of mailing or delivery of the cost bill to plaintiff, the action shall automatically stand dismissed without prejudice.*[3]

The dismissal referenced in USCR 19.1 (F) is automatic and self-executing.[4] According to the Clinic, therefore, the case stood dismissed by operation of law when Miranda failed to pay the cost bill within 20 days after its delivery to Johnson.[5] Miranda counters that

---

[2] The record contains a May 17, 1996 pleading entitled "Substitution of Counsel for Plaintiff." In that pleading, attorney William P. Rowe III "substitute[d] himself as counsel of record in place of the previous appearance entered on behalf of Plaintiff by MARK A. JOHNSON." Nevertheless, Miranda admitted below that Johnson was counsel of record when the Cobb County clerk issued the cost bill in May 1999. He is now bound by that admission. See *Froelich v. State*, 210 Ga. App. 647, 648, n. 1 (437 SE2d 358) (1993).

[3] (Emphasis supplied.)

[4] See *Phillips v. McCroskey*, 234 Ga. App. 87-88 (1) (506 SE2d 388) (1998).

[5] See *Drury v. Wall*, 234 Ga. App. 95 (506 SE2d 646) (1998) ("Once the 20 days passed without payment of the transfer costs, the case was automatically dismissed by operation of

the trial court's transfer order did not sufficiently notify him of the timing requirements and automatic dismissal under Rule 19.1 (F).

In *Young v. Martin Drilling & Blasting*,[6] a plurality of this Court concluded that the automatic dismissal in Rule 19.1 (F) applies only when the transfer order notifies the plaintiff "that the case will be automatically dismissed if costs are not paid within a certain time." According to the *Young* plurality, the order must strictly comply with the rule; substantial compliance is not enough.[7] Thus, the *Young* transfer order, which simply stated that " 'upon payment of all costs within the time provided in USCR 19.1 this action shall be transferred,' " did not authorize dismissal, despite the plaintiff's failure to timely pay the accrued court costs.[8]

As the Clinic points out, *Young* is only physical precedent, and the *Young* dissenters found strict compliance with Rule 19.1 (F) unnecessary.[9] In the dissent's view, substantial compliance is adequate, and "the transferring court's order, referencing the time requirement provided by Rule 19.1, sufficiently invoked the operation of that Rule," demanding dismissal.[10] Even assuming that substantial compliance suffices, however, we cannot find that the transfer order in this case invoked the automatic dismissal in Rule 19.1 (F).

The trial court's transfer order did not inform Miranda that the action would stand automatically dismissed unless he paid the court costs within 20 days of mailing or delivery of the cost bill. Instead, it merely stated that Miranda "shall be responsible for any transfer costs." The order lacked the language required by Rule 19.1 (F) and thus did not strictly comply with the rule.[11] Furthermore, the order failed to mention the automatic dismissal provision or the timing requirements set by Rule 19.1. And although it stated that Miranda had to pay the transfer costs, it gave no indication that any deadline applied to this payment. Under these circumstances, the transfer order did not substantially comply with the notice requirements in Rule 19.1 (F).[12]

The Clinic argues that the court clerk's letter, which warned Miranda about the automatic dismissal and the 20-day payment deadline, substantially complied with Rule 19.1 and provided ade-

---

law and was no longer pending, and any further action in the case other than documenting dismissal was a mere nullity.").

[6] 195 Ga. App. 133, 134 (1) (392 SE2d 714) (1990) (physical precedent only).

[7] See id.

[8] Id. at 133-134.

[9] See id. at 134-135 (Deen, P. J., dissenting).

[10] Id. at 135.

[11] See *Southern Drayage v. Williams*, 216 Ga. App. 721, 722 (1) (455 SE2d 418) (1995).

[12] See id.

quate notice of its provisions. In promulgating this rule, however, our Supreme Court directed *the trial court* to warn the plaintiff *by court order* of the draconian penalty imposed for failure to timely pay court costs. That penalty carries jurisdictional consequences; an automatic dismissal under Rule 19.1 divests the trial court of jurisdiction over an action.[13]

Given these jurisdictional consequences, as well as Rule 19.1 (F)'s clear directive that the trial court inform the plaintiff about its provisions, we cannot find that a letter from the court clerk furnishes adequate notice. Notwithstanding the clerk's letter or Miranda's independent knowledge of the rule, the trial court needed to notify Miranda about the requirements and jurisdictional ramifications of Rule 19.1 (F). In the context of this rule — and its harsh remedy for failure to comply — Miranda's actual knowledge did not relieve the trial court of its notice responsibility.[14] Even if substantial compliance is sufficient, that compliance must be found in the trial court's order, not in a letter from the court clerk.

The trial court's transfer order did not mention the automatic dismissal or the timing requirements under Rule 19.1 (F). Accordingly, the order did not comply — strictly or substantially — with the rule's notice provisions, and Miranda's lawsuit does not stand dismissed as a matter of law.[15]

*Judgment reversed. Pope, P. J., and Barnes, J., concur.*

DECIDED MAY 2, 2002 — 

*Kenney & Solomon, Thomas S. Kenney, Charles D. Joyner, James R. Little*, for appellant.

*Wilson, Brock & Irby, Harry L. Cashin, Jr., Fleming & Ray, James M. Sherman*, for appellees.

---

[13] See *Phillips*, supra at 88 (3).

[14] Accord *Terrell v. Porter*, 189 Ga. App. 778, 779 (1) (377 SE2d 540) (1989) (court lacks jurisdiction over defendant who does not receive sufficient service of process, even if defendant has actual knowledge of the suit).

[15] See *Southern Drayage*, supra.