A02A2364, A02A2365. MOHAWK INDUSTRIES, INC. et al.
v. CLARK et al. (two cases).
(576 SE2d 16)

POPE, Senior Appellate Judge.

The sole issue in this case is whether, after a corporate defendant has removed a case under OCGA § 14-2-510 (b) (4) to the county where its principal office is located, a plaintiff can amend the complaint to assert facts supporting venue in the original county. Because we find that a plaintiff is entitled to make such an amendment, we affirm the trial court's order of remand.

This appeal arises from a tractor-trailer/pickup collision that occurred on January 15, 2001. That day, Jacqueline Clark was driving her pickup truck on Highway 225 in Murray County. Her five-year-old son, William Jacob Clark, was a passenger. As the pickup approached, Joseph A. Corvi drove a tractor-trailer, owned by Mohawk Industries, Inc., out of a private driveway and onto the highway. The two vehicles collided. William Clark was killed and Jacqueline Clark received severe injuries, including head injuries. The appellees, Nancy C. Clark and William P. Clark, are the parents of Jacqueline Clark and her legal guardians. They filed two lawsuits in Murray County Superior Court on Jacqueline's behalf: (1) a claim for damages for the wrongful death of her son (Case No. A02A2365) and (2) a separate claim for damages for her own injuries (Case No. A02A2364).

Corvi, the driver and an employee of Mohawk, is a resident of Gordon County and was so at the time of the collision. Mohawk maintains its principal place of business in Gordon County. After the Clarks filed their complaints in Murray County, Mohawk and Corvi filed a notice and petition of removal in each case pursuant to OCGA § 14-2-510 (b) (4), which resulted in the cases' removal to the Superior Court of Gordon County. The removal petition noted that the Clarks had not made a specific allegation of venue in their complaints, and that the only fact alleged supporting venue in Murray County was an allegation that the collision occurred there. The Clarks then amended their complaints to allege that Mohawk had an

office in Murray County and transacted business there. Mohawk and Corvi stipulated to these facts.[1] The Clarks also filed a motion to remand the case to Murray County, which was granted. Mohawk and Corvi applied for an appeal from the order of remand after the trial court certified the issue for immediate review, and this Court granted the application.

OCGA § 14-2-510 specifies the appropriate venue for actions against corporate defendants. Subsection (b) (3) of that statute provides that venue is appropriate in the county where the cause of action arose "if the corporation has an office and transacts business in that county." OCGA § 14-2-510 (b) (3). Here, it is undisputed that Mohawk has a plant and transacts business in Murray County.

But Mohawk and Corvi assert that because the Clarks failed to allege these facts as a basis for venue in their original complaints, the actions were subject to removal. Mohawk and Corvi filed their petitions for removal under OCGA § 14-2-510 (b) (4), which allows a case to be removed if venue is based solely on where the cause of action originated. In such a case, a corporation has the right to remove to the county where it has its principal place of business. Mohawk and Corvi contend that because the complaints only referenced the location of the collision, without mentioning the fact that Mohawk had a plant in Murray County, they were entitled to remove the actions to Gordon County. And they assert that after removal, the Clarks could not amend to allege additional facts supporting venue in Murray County.

The Georgia Civil Practice Act requires only notice pleading, and under the Act, "pleadings are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirements of the CPA." *Heston v. Lilly*, 248 Ga. App. 856, 857 (1) (546 SE2d 816) (2001). Nevertheless, the Act requires that a litigant plead the facts upon which venue depends, and our Supreme Court has held that a complaint may be subject to dismissal where a complaint fails to allege facts supporting venue. See *Chancey v. Hancock*, 225 Ga. 715, 716 (171 SE2d 302) (1969); OCGA § 9-11-8 (a) (2) ("An original complaint shall contain facts upon which the court's venue depends. . . .").

Although the Clarks' original complaints did not allege all the facts to support venue under OCGA § 14-2-510 (b) (3), they did allege sufficient facts to state a basis for venue under OCGA § 14-2-510 (b) (4) — the fact that the accident occurred in Murray County — which was sufficient to meet the requirements of OCGA § 9-11-8 (a) (2).

---

[1] It was stipulated that Mohawk has a plant and transacts business in Murray County and that Mohawk has a personnel department that hires and terminates employees at that plant.

They then amended their complaints to allege additional facts to support venue under OCGA § 14-2-510 (b) (3). The Clarks were entitled to make this amendment as of right under OCGA § 9-11-15 (a). And contrary to Mohawk's and Corvi's contentions, we find nothing in the removal provisions of OCGA § 14-2-510 (b) (4) that prevents such an amendment.

Moreover, that subsection provides that a case may be remanded to the original court if the "removal is improper under the provisions of this paragraph." OCGA § 14-2-510 (b) (4). Here, once all the facts were properly pled, it was apparent that removal was improper because venue in Murray County did not depend "solely" upon the location of the accident as required under OCGA § 14-2-510 (b) (4). Accordingly, the cases were properly remanded to Murray County.

*Judgments affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 11, 2002 —
RECONSIDERATION DENIED DECEMBER 20, 2002 —

*Davis, Kreitzer, Kemp, Joiner & Melton, L. Hugh Kemp, Weinberg, Wheeler, Hudgins, Gunn & Dial, Alan M. Maxwell*, for appellants.

*Spears, Moore, Rebman & Williams, Robert G. Norred, Jr., William W. Keith III*, for appellees.