**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY and SELF, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 11, 2018**

# In the Court of Appeals of Georgia

A17A1540. NATASHA BLAKEMORE AS MOTHER OF SE-059
     NATROYA HULBERT v. DIRT MOVERS, INC. et al.

SELF, Judge.

In this interlocutory appeal in a wrongful death action, we must decide whether a domestic motor carrier corporation may remove a tort action in which it is a defendant to the county where its principal place of business is located, pursuant to OCGA § 14-2-510 (b) (4), when venue against the defendant would also be proper in the county where the tort occurred under OCGA § 40-1-117 (b). Because plaintiff Natasha Blakemore's allegations of venue were based upon a distinct venue provision unique to motor carriers, we conclude that defendant Dirt Movers, Inc. had no right of removal under the plain language of OCGA § 14-2-510 (b) (4). Therefore, we

reverse the trial court's denial of Blakemore's motion to remand this action to the county where the tort occurred.

Following the death of her daughter in a motor vehicle accident, Blakemore filed a wrongful death action against Dirt Movers, its driver, and its liability insurance carrier in the State Court of Bibb County. Blakemore alleged that her daughter, Natroya Hulbert, was driving a vehicle on Interstate 75 in Bibb County when she was either hit or forced off the road by a tractor-trailer owned by Dirt Movers; that although the tractor-trailer pulled over and the driver got out, the driver soon fled the scene after seeing the extent of the wreckage; and that Hulbert died in the accident. Furthermore, the pleadings established that Dirt Movers was a domestic corporation engaged in interstate commerce and registered with, licensed by, and insured in accordance with the Federal Motor Carrier Safety Administration. Finally, Dirt Movers acknowledged that the accident occurred in Bibb County and that its principal place of business and registered agent were located in Jeff Davis County. As a result, Blakemore asserted that venue as to Dirt Movers was proper in Bibb

County under the Georgia Motor Carrier Act[1] because her cause of action arose as a result of the accident in Bibb County.[2] See OCGA § 40-1-117 (b).

After receiving service of process, Dirt Movers filed a notice of removal to Jeff Davis County based on OCGA § 14-2-510 (b) (4),[3] which permits a defendant corporation to remove an action "to the county in Georgia where [it] maintains its principal place of business." However, OCGA § 14-2-510 (b) (4) limits the right of removal to cases in which "venue is based solely on this paragraph. . . . " Following Dirt Movers' removal of the case, the State Court of Jeff Davis County denied Blakemore's motion to remand the case to Bibb County. However, the trial court

---

[1] See OCGA § 40-1-50 et seq.

[2] The complaint also asserts that venue is proper as to Crum & Forster Indemnity Company under OCGA § 33-4-1 (2), which provides that an insurance company may be sued "[i]n any county where the company shall have an agent or place of doing business." The trial court did not address venue as to Crum & Forster in its order denying Blakemore's motion to remand. Furthermore, inasmuch as insurers are not considered joint tortfeasors under the direct action statute, see *Jackson v. Sluder*, 256 Ga. App. 812, 814 (1) (569 SE2d 893) (2002), the question of whether venue as to Crum & Forster would be proper in either Bibb County or Jeff Davis County does not aid our analysis in this case.

[3] Although Dirt Movers' removal notice cited OCGA § 14-3-510 (b) (4), that code section applies to nonprofit corporations. An identical provision governing business corporations, and the paragraph to which we will cite, is codified at OCGA § 14-2-510 (b) (4).

3

granted Blakemore a certificate of immediate review, and we granted Blakemore's application for an interlocutory appeal.

Blakemore posits that the right of removal under OCGA § 14-2-510 (b) (4) applies only "[i]f venue is based solely on [that] paragraph" and that Blakemore filed her civil action in Bibb County based not on OCGA § 14-2-510 (b) (4), but on a separate and distinct venue provision governing motor carriers contained in OCGA § 40-1-117 (b). Dirt Movers does not dispute that Blakemore's complaint alleged facts establishing that venue would be proper in Bibb County under the Motor Carrier Act. Rather, Dirt Movers asserts that, because the only fact supporting venue against it is the county in which the accident occurred, it was entitled to remove the action to Jeff Davis County under OCGA § 14-2-510 (b) (4). For the following reasons, we conclude that the plain language of OCGA § 14-2-510 (b) (4) limits a defendant corporation's right of removal to cases in which venue is based only upon that specific paragraph. Accordingly, if there is a separate basis for venue, as in this case, the defendant corporation has no right of removal.

As a threshold matter, the Georgia Constitution provides that all civil cases shall be tried "in the county where the defendant resides; venue as to corporations,

4

foreign and domestic, shall be as provided by law." Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. To that end, OCGA § 14-2-510 provides that

> [e]ach domestic corporation and each foreign corporation authorized to transact business in this state *shall* be deemed to reside and to be subject to venue as follows:
>
> (1) In civil proceedings generally, in the county of this state where the corporation maintains its registered office . . .;
>
> * * *[4]
>
> (3) In actions for damages because of torts, wrongs, or injury done, in the county where the cause of action originated, if the corporation has an office and transacts business in that county;
>
> (4) In actions for damages because of torts, wrong, or injury done, in the county where the cause of action originated. *If venue is based solely on this paragraph*, the defendant shall have the right to remove the action to the county in Georgia where the defendant maintains its principal place of business. . . .

(Emphasis supplied.) However, a corporation has no right of removal under OCGA § 14-2-510 (b) (4) if the complaint alleges facts to support proper venue under a different statutory provision. See *Mohawk Industries v. Clark*, 259 Ga. App. 26 (576

---

[4] OCGA § 14-2-510 (b) (2) concerns venue in contract cases and therefore is not applicable here.

SE2d 16) (2002) (no right of removal where factual allegations supported venue under both subsection (b) (3) and subsection (b) (4)). And with regard to motor carriers,[5] OCGA § 40-1-117 (b) states that "[e]xcept in those cases where the Constitution requires otherwise, any action against any resident or nonresident motor carrier for damages by reason of any breach of duty . . . *may* be brought in the county where the cause or action or some part thereof arose[.]" (Emphasis supplied.) Importantly, although OCGA § 14-2-510 (b) uses the term "shall" to define venue against a corporation, and "'[s]hall' is generally construed as a word of mandatory import[,]" *O'Donnell v. Durham*, 275 Ga. 860, 861 (3) (573 SE2d 23) (2002), OCGA § 14-2-510 (c) provides that "[a]ny residences established by this Code section shall be in addition to, and not in limitation of, any other residence that any domestic or foreign corporation may have by reason of other laws." See *WBC Holdings v. Thornton*, 213 Ga. App. 48, 48-49 (443 SE2d 686) (1994). Likewise, OCGA § 40-1-

---

[5] See OCGA §§ 40-1-100 (12) (A) ("'Motor carrier' means [] [e]very person owning, controlling, operating, or managing any motor vehicle, including the lessees, receivers, or trustees of such persons or receivers appointed by any court, used in the business of transporting for hire persons, household goods, or property or engaged in the activity of nonconsensual towing pursuant to Code Section 44-1-13 for hire over any public highway in this state."), (15) ("'Person' means any individual, partnership, trust, private or public corporation, municipality, county, political subdivision, public authority, cooperative, association, or public or private organization of any character.").

117 (b) further provides that "[t]he venue prescribed by this Code section shall be cumulative of any other venue provided by law."

Stated succinctly, the issue in this case is whether a domestic motor carrier retains the right to remove a case under OCGA § 14-2-510 (b) (4), by virtue of its status as a corporation or other business entity, when venue is also predicated upon OCGA § 40-1-117 (b). We conclude that it does not. Under the plain language of OCGA § 14-2-510 (b) (4), a corporation may remove a civil action to the county where its principal place of business is located "if venue is based solely on this paragraph. . . ." "Where the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly. In fact, where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." (Citation and punctuation omitted.) *Chase v. State*, 285 Ga. 693, 695 (2) (681 SE2d 116) (2009). Accordingly, "the ordinary signification shall be applied to all words. . . ." OCGA § 1-3-1 (b). See also *Six Flags Over Ga. II v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003) ("In the absence of words of limitation, words in a statute should be given their ordinary and everyday meaning.") (punctuation omitted). "Solely" has been defined as meaning "without another[;] to the exclusion of all else." Webster's Ninth New Collegiate Dictionary

1122 (1991). Therefore, under the plain language of OCGA § 14-2-510 (b) (4), a corporation cannot remove an action to the county where its principal place of business is located if there is *any* basis for venue other than OCGA § 14-2-510 (b) (4).

OCGA § 40-1-117 (b), applicable to motor carriers, supplies such an independent basis and plainly states that venue against a motor carrier may lie "in the county where the cause of action or some part thereof arose. . . ." Furthermore, when read together, we find no tension between OCGA § 14-2-510 (b) (4) and OCGA § 40-1-117 (b). OCGA § 14-2-510 (b) (4) generally provides that a plaintiff may file certain causes of action against a corporation in the county where the plaintiff's cause of action originated. However, if there is a separate basis for venue, as in this case, the plain language of OCGA § 14-2-510 (b) (4) precludes the defendant corporation from removing the case to the county where its principal place of business is located.[6]

---

[6] Neither party has identified, nor have we located, any Georgia authority addressing the relationship between OCGA §§ 14-2-510 (b) (4) and 40-1-117 (b). Authorities that specifically examined OCGA § 14-2-510 offer some insight but do not squarely resolve our inquiry. See, e.g., *Coastal Transport v. Tillery*, 270 Ga. App. 135 (605 SE2d 865) (2004) (action filed in Chatham County, where defendant maintained place of business, arising out of motor vehicle accident in Dougherty County; venue was improper in Chatham County because defendant's registered agent was in Gwinnett County; furthermore, OCGA § 14-2-510 (b) (4) did not apply because plaintiff did not originally file action in county where accident occurred); *Southern Drayage v. Williams*, 216 Ga.

8

We therefore conclude that this reading harmonizes OCGA § 14-2-510 (b) (4) and

OCGA § 40-1-117 (b).[7] See *Ga. Forestry Comm. v. Taylor*, 241 Ga. App. 151, 153

(526 SE2d 373) (1999) ("A statute must be construed in relation to other statutes of

which it is a part, and all statutes relating to the same subject-matter, briefly called

_____

App. 721, 723 (3) (455 SE2d 418) (1995) (venue for action against nonresident motor carrier proper in Gwinnett County, pursuant to OCGA § 46-7-17 (b) (predecessor to OCGA § 40-1-117 (b)), because accident occurred in Gwinnett County; however, OCGA § 14-2-510 did not apply because defendant nonresident motor carrier was "not a foreign corporation authorized to transact business in . . . Georgia"); *Gault v. Natl. Union Fire Ins. Co. of Pittsburgh*, 208 Ga. App. 134, 136 (2) (430 SE2d 63) (1993) (focus upon nonresident motor carrier and potential for venue under the Nonresident Motorist Act).

[7] Dirt Movers' proposed reading of these statutes, in which a defendant motor carrier corporation would retain its right of removal under OCGA § 14-2-510 (b) (4) because the factual predicate for venue under both OCGA § 14-2-510 (b) (4) and OCGA § 40-1-117 (b) is identical, would ignore the plain language of OCGA § 14-2-510 (b) (4) and render OCGA § 40-1-117 (b) meaningless. We are not authorized to read the statutes in such a manner. See, e.g., *Lathan v. Hosp. Auth. of Charlton County*, ___ Ga. App. ___ (805 SE2d 450) (2017) ("a statute should be construed to make all its parts harmonize and to give a sensible and intelligent effect to each part, as it is not presumed that the legislature intended that any part would be without meaning") (citation and punctuation omitted). Furthermore, the removal procedure in OCGA § 14-2-510 (b) (4) was not codified until 2000. See *Pandora Franchising v. Kingdom Retail Group*, 299 Ga. 723, 725 (1) (a) (791 SE2d 796) (2016). OCGA § 14-2-510 (b) (4) does not contain an express repealer of OCGA § 40-1-117 (b). Moreover, there is nothing to suggest that the enactment of OCGA § 14-2-510 (b) (4) impliedly repealed OCGA § 40-1-117 (b). See *Chatham County v. Hussey*, 267 Ga. 895 (485 SE2d 753) (1997) ("Repeals by implication are not favored. An implied repeal never occurs unless the later act clearly contradicts the former act and their differences cannot be reconciled. . . .").

statutes 'in pari materia,' are construed together, and harmonized wherever possible . . . .") (citation and punctuation omitted).

Perhaps the most instructive authority is *Mohawk*, supra, in which the plaintiffs sued the defendant in Murray County. 259 Ga. App. at 26. The defendant, arguing that its principal place of business was located in Gordon County, removed the action to Gordon County pursuant to OCGA § 14-2-510 (b) (4). Thereafter, the plaintiffs amended their complaint, noting that the defendant "had an office in Murray County and transacted business there." Id. at 26-27. The plaintiffs' motion to remand the case to Murray County was granted, and Mohawk appealed. We held that, because the right of removal under OCGA § 14-2-510 (b) (4) is only available in cases where "venue is based solely on this paragraph" and the plaintiffs' complaint contained allegations to support venue under both OCGA §§ 14-2-510 (b) (3) and (4), Mohawk could not remove the case to the county in which its principal place of business was located. Id. at 27-28. Accord *Atlanta-Asheville Motor Express v. Dooley*, 78 Ga. App. 265, 269 (50 SE2d 822) (1948) (held that plaintiff may sue a motor carrier "in the county where the action originated," even if defendant does not have a place of business or an agent in that county).

In sum, Blakemore's complaint in this case alleges facts to support venue under OCGA § 40-1-117 (b), which is separate and distinct from OCGA § 14-2-510 (b) (4). Accordingly, because Blakemore's allegation of venue was not based solely upon OCGA § 14-2-510 (b) (4), Dirt Movers had no right of removal under the plain language of OCGA § 14-2-510 (b) (4). As a result, the trial court erred in denying Blakemore's motion to remand her civil action to Bibb County.

*Judgment reversed. Dillard, C. J., and Ray, J., concur.*