### 62394. DEANS v. KINGSTON DEVELOPMENT CORPORATION.

Banke, Judge.

Plaintiff appeals the denial of her motion to vacate an order dismissing her complaint based on her failure to prosecute. The trial court's dismissal order reflects that the case "appeared on more than

four of this court's previous trial calendars, more specifically the September 18, 1978, trial calendar . . ., the October 16, 1978, trial calendar . . ., the November 13, 1978, trial calendar . . ., the February 12, 1979, trial calendar . . ., and the March 12, 1979, calendar of this court, and that each time this case has appeared on the court's trial calendar it has been continued either because of plaintiff's newly hired counsel's unfamiliarity with the case or because of plaintiff's announcement that she was not ready to proceed with her case because of her counsel's recent withdrawal from the case, and that when plaintiff announced that she was not ready to proceed on February 12, 1979, this court advised her that this case would be reluctantly continued to the court's next trial calendar solely in order to allow her to obtain counsel to represent her, and it appearing that plaintiff is still not ready to proceed . . . on this, the September 22, 1980, calendar of this court; and after hearing from defendant's lawyer who recited in his place the facts of this action; IT IS HEREBY ORDERED . . . that this case is dismissed with prejudice for want of prosecution." This order was filed on September 22, 1980, and during the same term the appellant moved to vacate the order. This motion was denied on December 10, 1980. The appellant again moved to vacate on December 24, 1980, during a subsequent term of court. She appeals the denial of that motion also enumerating as error the two previous orders described above. *Held:*

The trial court has the inherent power to amend or set aside a judgment for any "meritorious reason," provided the motion to set aside is filed during the term in which the judgment was rendered. See *Holcomb v. Trax, Inc.,* 138 Ga. App. 105 (225 SE2d 468) (1976). After the term of rendition, the court may entertain a motion to set aside only if it alleges a non-amendable defect appearing on the face of the record. *Holloman v. Holloman,* 228 Ga. 246 (184 SE2d 653) (1971). The appellant does not allege or argue that the judgment suffers from a non-amendable defect appearing upon the face of the record. For this reason, we may not treat the motion as one to set aside pursuant to Code Ann. § 81A-160. See *Stocks v. Colonial Stores, Inc.,* 143 Ga. App. 722 (240 SE2d 151) (1977). The notice of appeal having been filed more than 30 days after rendition of the earlier judgments, we are without jurisdiction to entertain the appeal.

*Appeal dismissed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1981 —
REHEARING DENIED SEPTEMBER 28, 1981 —

*John Genins,* for appellant.

*Gary M. Cooper,* for appellee.