## 72776. CRYOMEDICS, INC. v. SMITH et al.
### (349 SE2d 223)

SOGNIER, Judge.

Angela and Russell Smith brought a personal injury action against Cryomedics, Inc. (Cryomedics), and a number of other parties. Cryomedics failed to timely answer the complaint whereupon the trial court entered judgment in favor of the Smiths against Cryomedics. We granted Cryomedics' application for interlocutory appeal from the trial court's denial of its motion to set aside judgment and open default.

After it was served in this action, appellant immediately forwarded the complaint to its insurance agent, Burger & Burger, Inc. (Burger). A temporary employee of Burger improperly placed the complaint in a file folder in contravention of the instructions he had been given to forward it to American International Adjustment Company (American). On her return from vacation, the Burger employee

who usually handled such matters discovered the complaint and immediately forwarded it to American, which, in turn, took action to obtain defense counsel for appellant. Knowing it was in default, appellant initially filed a motion to open default. The order entered by the trial court, however, stated that the judgment against appellant as to liability was a final judgment under OCGA § 9-11-54 (b) and that the issue of damages was reserved to be determined at a later date following an evidentiary hearing. Appellant subsequently amended its motion to include a motion to set aside that judgment and this appeal ensued following the denial of that motion.

Appellant contends the trial court erred by failing to open the default and set aside the judgment issued against it pursuant to OCGA § 9-11-55 (b). That Code section provides: "At any time before *final judgment*, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial." (Emphasis supplied.) This "statute 'conveys very ample powers as to opening defaults; not only providential cause, which is broad, and excusable neglect, which is still broader, but finally, as if reaching out to take in every conceivable case where injustice might result if the default were not opened, the section goes on to say, "where the judge from all the facts shall determine that a proper case has been made." ' " (Cits. omitted.) *Becker v. Fairman*, 167 Ga. App. 708, 710 (2) (307 SE2d 520) (1983). However, once a final judgment has been entered, the trial court's discretion is far more limited, *Florida East Coast Properties v. Davis*, 133 Ga. App. 932, 934 (3) (213 SE2d 79) (1975), and the trial court has no discretion to allow a default to be opened for excusable neglect. *Golden Star v. Broyles Ins. Agency*, 118 Ga. App. 95, 96 (162 SE2d 756) (1968). See OCGA § 9-11-60.

Appellant argues that the trial court's order directing the entry of judgment against it pursuant to OCGA § 9-11-54 (b) did not constitute a "final" judgment which would preclude the application of the liberal criteria set forth in OCGA § 9-11-55 (b) for opening default because the trial court's order specifically reserved the issue of damages for later determination. We agree with appellant. While we recognize the novel use counsel for appellee has made of OCGA § 9-11-54 (b) in this tactical attempt to preclude appellant from availing itself of the liberal criteria to set aside a default under OCGA § 9-11-55 (b) and to force appellant to proceed under the more stringent criteria set forth in OCGA § 9-11-60, it is not the policy of Georgia courts to set

up procedural traps for the unwary. Rather, it is our duty to liberally construe the CPA to reach the merits of each case in order to do substantial justice to the parties. See *Georgia Power Co. v. O'Bryant*, 169 Ga. App. 491, 493-494 (313 SE2d 709) (1984). The purpose of OCGA § 9-11-54 (b) is to authorize the trial court to direct the entry of final judgment as to one or more but fewer than all the claims of parties upon the express determination that there is no just reason for delay. An order so certified is res judicata and may be directly appealed pursuant to OCGA § 5-6-34 (a) (1). *Wise v. Ga. State Board &c.*, 244 Ga. 449 (260 SE2d 477) (1979). OCGA § 9-11-54 (b) cannot be used to bifurcate the same claim into two issues — liability and damages — so as to transform a ruling strictly on the issue of liability into a final judgment, representing final judicial action and the vesting of rights, within the meaning of OCGA § 9-11-55 (b). See *Ewing v. Johnston*, 175 Ga. App. 760, 762 (1c) (334 SE2d 703) (1985); *Clements v. United Equity Corp.*, 125 Ga. App. 711, 712 (188 SE2d 923) (1972).

It appears the trial court concluded that its order under OCGA § 9-11-54 (b) on the issue of liability was a final judgment so that it did not have, and therefore could not exercise, the discretion to set aside the default in this case under OCGA § 9-11-55 (b). Therefore, we will cure this error by returning the case to the trial court for a valid exercise of its discretion under the liberal criteria set forth in OCGA § 9-11-55 (b) pursuant to our holdings in such cases as *Becker*, supra, *Donalson v. Coca-Cola Co.*, 164 Ga. App. 712 (1) (298 SE2d 25) (1982), *Cobb County Fair Assn. v. Boyle*, 143 Ga. App. 754 (240 SE2d 136) (1977) and *Williams v. C & S Nat. Bank*, 142 Ga. App. 346, 349-350 (4) (236 SE2d 16) (1977), subject to the right of either party to file a new appeal from the trial court's ruling in this matter in accordance with the usual rules of appellate practice and procedure.

*Judgment reversed and case remanded. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 10, 1986 —
REHEARING DENIED SEPTEMBER 18, 1986 

*James L. Elliott, James M. Thomas*, for appellant.
*W. Douglas Adams, Wallace E. Harrell, Timothy Harden III, Terry A. Dillard*, for appellees.