A89A0111. HAYNES et al. v. HIGHT.
(379 SE2d 21)

BANKE, Presiding Judge.

The appellee attorney filed the present action to collect an indebtedness allegedly owed by the appellants for legal services rendered. The trial court denied a motion by the appellants for permission to serve late responses to certain requests for admissions filed by the appellee and subsequently awarded summary judgment to the appellee based on the admissions created by the appellants' failure to respond to the requests in a timely manner. This appeal followed. *Held*:

1. The appellants contend that they were entitled to additional

time in which to respond to the requests for admission pursuant to OCGA § 9-11-6 (b) (2), which provides, in pertinent part, that upon motion made by a party after the expiration of the time period in which an act is required or allowed by the CPA to be done, an extension may be granted by the trial court "where the failure to act was the result of excusable neglect. . . ." The only reason offered by the appellants for the delay in submitting the responses was that they had been without legal representation at the time the requests for admission were served upon them and thus "had no knowledge of time limitation, nor that their failure to respond would be considered an admission of the requests" pursuant to OCGA § 9-11-36 (a) (2). We hold that the trial court did not abuse its discretion in concluding that this assertion failed to constitute a showing of excusable neglect. Accord *Peppers v. Siefferman*, 153 Ga. App. 206 (2) (265 SE2d 26) (1980). See generally *Wall v. C & S Bank*, 145 Ga. App. 76 (2), 79-80 (243 SE2d 271) (1978).

2. The appellants additionally contend that the grant of summary judgment was improper because they had no opportunity to file a motion to withdraw the admissions pursuant to OCGA § 9-11-36 (b) before the appellee moved for summary judgment. However, even assuming that the appellants were, for some unexplained reason, prevented from moving to withdraw the admissions before the appellee filed his motion for summary judgment, there is no explanation for why they did not do so afterwards. See *Hanson v. Farmer*, 163 Ga. App. 561 (1) (295 SE2d 343) (1982). Accordingly, we hold that the trial court did not err in awarding summary judgment to the appellee on the basis of the admissions created by the appellants' failure to file timely responses to the requests for admission.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 27, 1989.

*Scott McLarty*, for appellants.
*Tony H. Hight*, pro se.