A92A2169. FIRST BAPTIST CHURCH OF ROSWELL v. KING.
(430 SE2d 635)

BIRDSONG, Presiding Judge.

The First Baptist Church of Roswell appeals from the grant of a motion to set aside a judgment and then grant of summary judgment to Charles N. King III. The record shows that King sold residential property to the church for $375,000 and that in the contract of sale promised to donate "to pay or contribute" to the church $5,000 a year for five years for a total of $25,000. The applicable provision in the contract of purchase and sale recited that this promise was additional consideration for the church's purchase of the property from King. When the money was not received from King, as provided in the contract, the church sued for breach of contract. King answered admitting the essentials of the contract, but denying the enforceability of the promise to pay or contribute the $25,000 because of lack of consideration for his promise.

The church served requests for admission on King, and he failed to respond. Later the church moved for summary judgment using

King's failure to respond to admissions in support of the motion. King also did not respond to the motion, and after a year passed without a response from King, the trial court granted the church's motion on March 8, 1991.

On May 7, 1991, King filed a motion to set aside the judgment and on July 9, 1991, the motion was granted. Later, King moved for summary judgment based upon his assertion there was no consideration for his promise to pay or contribute the money, and later moved to withdraw the admissions. On March 17, 1992, King's motion for summary judgment was granted.

The church now appeals contending generally the trial court erred by granting King's motion to set aside the judgment and the trial court erred by granting summary judgment to King. *Held*:

1. Under our law, a judgment not based upon a jury verdict is considered within the breast of the court during the term of court in which it is entered (*Whitlock v. Wilson*, 79 Ga. App. 747 (54 SE2d 474)), and a court may exercise its discretion for meritorious reasons to set aside a judgment within the same term of court. *Conway v. Gower*, 208 Ga. 348, 351 (66 SE2d 740); *Holcomb v. Trax, Inc.*, 138 Ga. App. 105, 106 (225 SE2d 468). Once that term of court has ended, however, a judgment may only be set aside under the procedures in OCGA § 9-11-60 (d). *Crowe v. Crowe*, 245 Ga. 719, 720 (267 SE2d 14); *Cryomedics v. Smith*, 180 Ga. App. 336, 337 (349 SE2d 223); *Deans v. Kingston Dev. Corp.*, 159 Ga. App. 721, 722 (285 SE2d 37). Since summary judgment was entered in favor of the church on March 8, 1991, that term of court ended on May 6, 1991, and King's motion was not filed until May 7, 1991, a motion to set aside the judgment under OCGA § 9-11-60 (d) was required.

Under this Code section, "[a] motion to set aside may be brought to set aside a judgment based upon: (1) Lack of jurisdiction over the person or the subject matter; (2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or (3) A nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted; but the pleadings must affirmatively show no claim in fact existed." OCGA § 9-11-60 (d), as amended.

King, an attorney, personally filed a motion to set aside asking the court to exercise its discretion to set aside the judgment; he set forth as reasons for the trial court to exercise its discretion the failure of King's attorney to respond to the motion and good and valid defenses King wished to assert. Although the trial court may have been authorized to grant the motion on those bases if the motion had been filed before May 6, 1991, the date the parties agree the term ended, since the motion was not filed until May 7, 1991, the court lost the

power to do so. *Crowe v. Crowe*, supra; *Cryomedics v. Smith*, supra. Perhaps recognizing this, King, through new attorneys, amended the motion to set aside to assert the purported nonamendable defect on the face of the record that no legal claim existed because there was no consideration for King's promise to pay or contribute the money.

While clearly judgments may be set aside for nonamendable defects (see, e.g., *Wasden v. Rusco Industries*, 233 Ga. 439 (211 SE2d 733)), King has not asserted a nonamendable defect. "A judgment is void on its face when there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed. The judgment must be more than just an erroneous conclusion of law." (Citation and punctuation omitted.) *Shepherd v. Metropolitan Prop. &c. Ins. Co.*, 163 Ga. App. 650, 651 (3) (294 SE2d 638). Here, although King asserts that the promise to pay the church $25,000 was without consideration, i.e., nudum pactum (see OCGA § 13-3-40), nothing in the complaint or its attachment shows that to be the case. Both the complaint and the attached residential sales contract recite that the promise to pay $25,000 was made as additional consideration for the church to buy King's property. Additionally, King's defense is that his promise to pay this money was not to be enforced because of some oral agreement with the church. Therefore, the absence of consideration as a defense is a matter to be developed by the evidence, and it is not a nonamendable defect within the meaning of OCGA § 9-11-60 (d). *Miller v. Miller*, 230 Ga. 777 (199 SE2d 241); *Capital Assoc. v. Keoho*, 173 Ga. App. 627, 628 (327 SE2d 586). At best, King's argument is that the church's complaint failed to state a claim upon which no relief could be granted, but that is not a nonamendable defect. OCGA § 9-11-60 (d).

Further, King's reliance on *Gilham v. Stamm & Co.*, 117 Ga. App. 846 (162 SE2d 248) is misplaced. In *Gilham*, the court found a nonamendable defect existed because the attachment to the complaint showed affirmatively that no claim against the party existed. Id. at 846-847. That situation does not exist in this case because there is no conflict between the exhibit and the complaint, and neither the complaint nor the exhibit "affirmatively show the absence of any claim [against King]." (Emphasis deleted.) *Fudge v. Weissinger*, 201 Ga. App. 409, 411 (411 SE2d 62). Accordingly, as King's motion failed to satisfy the grounds for a motion to set aside a judgment under OCGA § 9-11-60 (d), the trial court erred by setting aside the judgment.

2. In view of our disposition in Division 1, we need not address the church's other enumerations of error.

Therefore, the judgment of the trial court is reversed, and the case remanded to the trial court. The trial court is directed to rein-

state the judgment entered on March 8, 1991.

*Judgment reversed with direction. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 18, 1993 —
RECONSIDERATION DENIED MARCH 30, 1993 ▮▮▮▮▮▮▮

*Greer, Klosik & Daugherty, John F. Daugherty, Robert J. Mc-Cune,* for appellant.

*England, Weaver & Kytle, J. Melvin England,* for appellee.