A98A1526. PHILLIPS v. McCROSKEY.
(506 SE2d 388)

BEASLEY, Judge.

Brenda Phillips filed a malpractice suit against Dr. McCroskey in the wrong county and successfully moved to have the matter transferred to the right county. In the transfer order, the court ordered Phillips, pursuant to USCR 19.1 (F), "to pay all accrued costs of court within twenty (20) days of delivery of the cost bill to Plaintiff's counsel or the above-referenced matter shall automatically stand dismissed without prejudice." Phillips received the cost bill on December 11, 1997, but chose not to pay the bill by December 31 in hope that a settlement would obviate it.

On January 6 McCroskey moved to dismiss the action because of Phillips' failure to pay. The next day the court clerk refused Phillips' belated attempt to pay the cost bill. Two days later Phillips moved to enlarge the time in which to pay the cost bill, citing OCGA § 9-11-6 (b) (2). Within two weeks the court granted the motion to dismiss and denied the motion to enlarge. The court held that by operation of law the case stood automatically dismissed, and therefore it was without discretion to grant the motion to enlarge. The court also held that even if it had the discretion, it found no excusable neglect under OCGA § 9-11-6 (b) (2) to justify enlargement.

Phillips enumerates three errors: (i) the court ruled on the motion to dismiss before allowing her 30 days to respond to the motion; (ii) the court erred when it stated it had no discretion to enlarge the time to pay costs; and (iii) the clerk should have accepted her attempt to pay costs.

1. USCR 19.1 (F) requires the court to alert plaintiff in a transfer order of the need for timely payment, as it precisely did. USCR 19.1 (G) effectuates this warning, plainly stating that if plaintiff does fail to make timely payment, "the action shall automatically stand dismissed, without prejudice."

We have not had the opportunity to hold whether this language of USCR 19.1 (G) is self-executing. But we have addressed the same language found in OCGA § 9-2-60 (b), which provides that actions in which no written order is taken for a period of five years "shall automatically stand dismissed. . . ." Interpreting this statute, *Dept. of*

*Medical Assistance v. Columbia Convalescent Center*[1] held that after the passage of the five years, the case "was dismissed by operation of law . . . and any further action in the case other than dismissal is a mere nullity."[2] We hold the same is true for automatic dismissals under USCR 19.1 (G).

2. Phillips' argument that the court erred in ruling before she was allowed 30 days[3] to respond to McCroskey's motion to dismiss fails for two reasons. First, the motion to dismiss was superfluous because the case automatically stood dismissed as of January 1.[4] It took no motion or further action by the court to bring about this result. "An automatic dismissal is one which results as a matter of law from the occurrence of a condition specified in a statute or order of the court, and without any further action on the part of anybody."[5] The mere passage of time, not human intervention, accomplishes it. Any action to enter an order of dismissal thereon is "a purely ministerial act."[6] It follows that any response by Phillips to McCroskey's motion to dismiss would have been futile.

Second, where evidence is not required, a court has the discretion to rule on a motion to dismiss before the 30 days anticipated by USCR 6.2 for a response to be filed expires.[7] No abuse is shown.

3. The court correctly held that following the passage of the 20 days, it had no authority to enlarge the time to pay the cost bill. By that time the case was moribund, and the court had no power to resurrect it by way of a motion to extend the time to pay.[8] Following 20 days without payment, "any further action in the case is a mere nullity,"[9] for the court no longer has jurisdiction over it.[10]

---

[1] (Citations omitted.) 203 Ga. App. 535, 536 (1) (417 SE2d 195) (1992).

[2] *Stephens v. Stovall & Co.*, 184 Ga. App. 78, 79 (1) (360 SE2d 638) (1987) (dismissal "mandatory" and "automatic"); see *Loftin v. Prudential Property &c. Ins. Co.*, 193 Ga. App. 514 (388 SE2d 525) (1989) ("this is mandatory and dismissal occurs by operation of law") (citation omitted); *Freeman v. Ehlers*, 108 Ga. App. 640 (134 SE2d 530) (1963) ("[w]here no order is taken, the dismissal results automatically") (citation omitted).

[3] See USCR 6.2.

[4] USCR 19.1 (G).

[5] *Freeman*, supra, 108 Ga. App. at 640.

[6] Id.; see *Norton v. Brady*, 129 Ga. App. 753 (1) (201 SE2d 188) (1973).

[7] *Kidd v. Unger*, 207 Ga. App. 109, 110-111 (2) (427 SE2d 82) (1993); see *Butler v. Bolton Road Partners*, 222 Ga. App. 791, 792 (1) (476 SE2d 265) (1996) ("numerous cases have found that allowing less than 30 days to respond is not error when a plaintiff can still litigate her claim on the merits") (citation omitted); *Zohoury v. Zohouri*, 218 Ga. App. 748, 751 (6) (463 SE2d 141) (1995) ("[u]nder USCR 6.2, the trial court had discretion to hear the matter without waiting 30 days for a response") (citation omitted).

[8] *Dept. of Medical Assistance*, supra, 203 Ga. App. at 536 (1) ("[a]n automatic dismissal . . . results as a matter of law, and the court has no discretion to order it reinstated") (citations omitted).

[9] Id.

[10] *Earp v. Kranats*, 184 Ga. App. 316, 317 (361 SE2d 217) (1987); see *Fulton County v. Corp. of the Presiding Bishop &c.*, 133 Ga. App. 847, 853 (3) (212 SE2d 451) (1975) (a case

Moreover, the court held that even if it had the power to enlarge the time under OCGA § 9-11-6 (b) (2), it found no excusable neglect to justify doing so. A court's ruling in this regard is a matter of discretion.[11] Plaintiff admits she intentionally withheld paying the cost bill. This does not constitute a good ground for ignoring a court order that warns of automatic dismissal.

4. Phillips claims the clerk of the court should have accepted payment of the cost bill after the 20-day time limit had expired. But the acceptance of payment would breathe no life into the expired lawsuit.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 21, 1998.

*Arthurlyn Combs-Hixson*, for appellant.
*Cobb, Grabbe & Spillers, Patricia M. Peters*, for appellee.

---

that is automatically dismissed is "completely lifeless for all purposes from the date of the dismissal").

[11] See *Haynes v. Hight*, 190 Ga. App. 497, 498 (1) (379 SE2d 21) (1989) (in court's discretion whether excusable neglect is shown).