## A98A1795. DRURY v. WALL.
### (506 SE2d 646)

BEASLEY, Judge.

Carl Drury filed a civil action against Robert Wall in the wrong county, and Wall successfully moved to have the matter transferred to his county of residence.[1] In accordance with Uniform Superior Court Rule ("USCR") 19.1 (F) and (G), the transfer order a) directed the clerk to compute the court costs and to notify Drury's counsel in writing of the amount; b) directed that Drury pay the costs within twenty days of mailing or delivery of the cost bill; and c) ordered that in the event Drury did not timely pay costs, "this case shall automatically stand dismissed without prejudice."

The clerk mailed the cost bill on December 11, 1996, and an employee of the law firm representing Drury, whose responsibilities included picking up the mail, signed the certified receipt for the letter on December 17, 1996. Because Drury did not pay the bill until June of 1997, the court formally dismissed the action.

*Phillips v. McCroskey*[2] recently held that similar to OCGA § 9-2-60 (b), the language "shall automatically stand dismissed" in USCR 19.1 (G) is self-executing. "An automatic dismissal is one which results as a matter of law from the occurrence of a condition specified in a statute or order of the court, and without any further action on the part of anybody."[3] Once the 20 days passed without payment of the transfer costs, the case was automatically dismissed by operation of law and was no longer pending, and any further action in the case other than documenting dismissal was a mere nullity.[4] Any action to enter an order of dismissal is "a purely ministerial act."[5]

Drury claims *Griffith v. Ga. Bd. of Dentistry*[6] commands otherwise. *Griffith* holds simply that transfer orders are interlocutory and may be appealed only through application. *Griffith* expressly refused to determine whether the case had been automatically dismissed, for nothing in the record indicated dismissal was an issue.

---

[1] Mr. Wall has since deceased, and Dianne Wall as executor of his estate has been substituted as the appellee/defendant.

[2] 234 Ga. App. 87 (506 SE2d 388) (1998).

[3] *Phillips*, supra at 88 (quoting *Freeman v. Ehlers*, 108 Ga. App. 640 (134 SE2d 530) (1963)).

[4] *Phillips*, supra at 88; see *Dept. of Medical Assistance v. Columbia Convalescent Center*, 203 Ga. App. 535, 536 (1) (417 SE2d 195) (1992); *Nixson v. Chris Leasing*, 185 Ga. App. 548, 549 (365 SE2d 135) (1988); *Stephens v. Stovall & Co.*, 184 Ga. App. 78, 79 (1) (360 SE2d 638) (1987); see also *Loftin v. Prudential Property &c. Ins. Co.*, 193 Ga. App. 514 (388 SE2d 525) (1989) ("this is mandatory and dismissal occurs by operation of law") (citation omitted); *Freeman*, supra, 108 Ga. App. at 640 ("[w]here no order is taken, the dismissal results automatically") (citation omitted).

[5] *Phillips*, supra at 88; *Freeman*, supra, 108 Ga. App. at 640.

[6] 175 Ga. App. 533 (333 SE2d 647) (1985).

Drury contends that the 20 days did not begin to run until his attorney actually received the cost bill. Drury's counsel testified in November 1997 that he personally "never received" the cost bill. His firm finally did pay the bill in June 1997. USCR 19.1 (G) does not require receipt: "Plaintiff shall pay the costs within 20 days of mailing or delivery of the cost bill; if costs are not paid within that time, the action shall automatically stand dismissed, without prejudice." The 20 days began running when the clerk mailed the notice on December 11.

Even if receipt were required, an employee of the law firm commissioned to pick up the mail signed the certified mail receipt, just as she had done in the past. Drury's claim that this employee was not authorized to sign for this certified mail is not supported by the record and under the circumstances would at most constitute a private instruction not binding on third parties.[7] The contention that the agent receiving the mail must have the same supervisory responsibilities as a person receiving service of process is without legal support and runs contrary to OCGA § 9-11-5 (b), which provides that service by mail on a party's attorney is complete upon mailing, regardless of who actually picks up the mail.

Drury's final argument, that a wilful refusal to pay must first be shown, is also without basis in the language of USCR 19.1 (G). His citations to cases requiring findings of wilfulness before actions may be dismissed with prejudice are distinguishable, as they rely on other statutes lacking the "automatically dismissed" language.

Dismissal of the action was authorized.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 21, 1998 — 

*Savage, Herndon & Turner, Brent J. Savage, Robert S. Kraeuter,* for appellant.

*McLeod, Benton, Begnaud & Marshall, Richard L. Brittain, Michael C. Pruett,* for appellee.