## A02A0874. SMITH v. WILLIAMS.
### (569 SE2d 598)

MIKELL, Judge.

Evelyn Williams filed suit against Syreeta K. Smith on December 9, 1999, to recover for injuries she allegedly sustained in an automobile accident. Smith filed a demand for jury trial on January 19, 2000. The case was placed on a May 14, 2001 trial calendar; however, it was continued by order of the trial court and placed on the June 18 calendar. Because Smith's counsel had filed a leave of absence covering that date, the court placed the case on the July 30, 2001 trial calendar. Both Smith and Williams stipulate that counsel and the court agreed in July 2001 that because Williams resided in California, the case would be specially set for jury trial on October 3, 2001.[1] Subsequent to the agreement, the court entered a written order on September 5, 2001, specially setting the trial for October 22, 2001, at 9:00 a.m. and ordering all parties and their counsel to appear.

Seemingly in conflict with that order, on October 3, 2001, after Williams filed a written waiver of jury trial, the court conducted a bench trial of the case in the absence of Smith and her counsel. Judgment in the amount of $20,815.66 was entered in favor of Williams. Smith filed the present appeal, arguing that the court erred in trying the case on October 3 when it had entered an order specially setting the case for October 22. We agree.

OCGA § 9-11-40 (c) provides that courts shall place cases on the trial calendar and provide notice to the parties. Uniform State Court Rule 8.3 requires the publication of a trial calendar at least 20 days prior to trial. It was certainly reasonable for Smith and her counsel to rely on the court's order specially setting the trial for October 22, 2001. "Parties have a right to rely upon notice of trial assignments being given in compliance with court rules and [OCGA § 9-11-40, formerly] Code Ann. § 81A-140." *Vaughan v. Car Tapes,* 135 Ga. App. 178, 182 (7) (217 SE2d 436) (1975). Despite Williams' allegation in

---

[1] No written order to that effect was entered.

her brief that Smith received notice that the trial would proceed on October 3, there is no evidence in the record that Smith received such notice, waived her right to a jury trial, or consented to a trial date other than October 22.

In *Wilkes v. Ricks*, 126 Ga. App. 266 (190 SE2d 603) (1972), we reversed an entry of default judgment because the court failed to provide notice of the trial to the defendant as required by Code Ann. § 81A-140 (c), now OCGA § 9-11-40 (c). In *Wilkes*, we recognized that the defendant was entitled to his day in court. Id. at 267. Significantly, the record in the case at bar does not contain proof that the case was placed on a published calendar to be heard October 3, 2001; rather, the most recent written notice of a trial date was the order setting the case for trial on October 22.

In *Taylor v. Chester*, 207 Ga. App. 217 (427 SE2d 582) (1993), the trial court mailed notice of the trial calendar to an incorrect address despite being on notice of the defendant's correct address. We ordered that the judgment against the defendant be set aside because the lack of notice was a nonamendable defect appearing on the face of the record under OCGA § 9-11-60 (d) and because the defendant should not be punished for the oversight of the clerk of court. Id. at 218-219.

We conclude in the case sub judice that Smith was entitled to rely on the written order of the court setting the case for trial on October 22, 2001, and that the court erred in conducting a trial in Smith's absence on October 3. Accordingly, the judgment is reversed and the case remanded for a trial in which both parties can participate.

*Judgment reversed and case remanded. Andrews, P. J., and Phipps, J., concur.*

DECIDED JULY 24, 2002.

*Sharon W. Ware & Associates, Jane N. Wilkes*, for appellant.
*Charles M. Morris*, for appellee.