A03A0714. BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC v. JENKINS.
(582 SE2d 9)

ANDREWS, Presiding Judge.

We granted Bridgestone/Firestone's application for interlocutory review of the trial court's order vacating its order dismissing Keith Jenkins's suit for failure to pay transfer costs. Because more than two terms of court had passed when the court vacated the order, the court was without jurisdiction to do so. Accordingly, we reverse.

Jenkins sued Bridgestone/Firestone in tort in Liberty County. The parties agreed that venue was proper in Gwinnett County, and on August 23, 2001, the Liberty County Superior Court entered an order transferring the case to Gwinnett County and directing Jenkins to pay the transfer fee and other costs within 20 days. The order contained the language required by Uniform Superior Court Rule 19.1 (G), which provides that unless plaintiff pays all accrued court costs within 20 days of mailing or delivery of the cost bill to plaintiff, the action shall automatically stand dismissed without prejudice.

Jenkins did not pay any costs and his suit was automatically dismissed.

On May 8, 2002, eight and a half months after the court entered the transfer order and after the expiration of two terms of court, Jenkins's counsel filed a motion to vacate the August 2001 transfer order. Counsel stated that he did not receive a copy of the order and he did not receive a bill of costs from the clerk. He also filed a motion for additional time to pay the transfer costs.

The court granted Jenkins's motion to vacate the dismissal of the suit and for additional time to pay costs without giving Bridgestone/ Firestone an opportunity to respond. Bridgestone/Firestone filed a motion for reconsideration of the court's transfer order. The trial court denied the motion, and this appeal followed.

1. Once the 20 days passed without payment of the transfer costs, the case was automatically dismissed by operation of law and

was no longer pending. Therefore, any further action in the case other than documenting dismissal was a nullity. *Drury v. Wall*, 234 Ga. App. 95 (506 SE2d 646) (1998).

Counsel's claim that he never received a bill of costs or a copy of the order does not change the result. "USCR 19.1 (G) does not require receipt." *Drury*, supra at 96. Moreover, Jenkins submitted no evidence showing that the clerk of court failed to mail the order and bill of costs. We note that the record contains a copy of the bill properly addressed to Jenkins's counsel and the clerk of court said that the bill of costs was mailed. Compare *Carnes Bros., Inc. v. Cox*, 243 Ga. App. 863 (534 SE2d 547) (2000) (physical precedent only) (evidence that clerk's office misaddressed envelope providing notice to party; clerk's office conceded its mistake).

2. The court was without jurisdiction to vacate the dismissal.

> Under our law, a judgment not based upon a jury verdict is considered within the breast of the court during the term of court in which it is entered (*Whitlock v. Wilson*, 79 Ga. App. 747 (54 SE2d 474) [(1949)]), and a court may exercise its discretion for meritorious reasons to set aside a judgment within the same term of court. *Conway v. Gower*, 208 Ga. 348, 351 (66 SE2d 740) [(1951)]; *Holcomb v. Trax, Inc.*, 138 Ga. App. 105, 106 (225 SE2d 468) [(1976)]. Once that term of court has ended, however, a judgment may only be set aside under the procedures in OCGA § 9-11-60 (d). *Crowe v. Crowe*, 245 Ga. 719, 720 (267 SE2d 14) [(1980)]; *Cryomedics v. Smith*, 180 Ga. App. 336, 337 (349 SE2d 223) [(1986)]; *Deans v. Kingston Dev. Corp.*, 159 Ga. App. 721, 722 (285 SE2d 37) [(1981)].

*First Baptist Church of Roswell v. King*, 208 Ga. App. 250, 251 (430 SE2d 635) (1993).

Although Jenkins could have filed a motion to set aside the judgment under OCGA § 9-11-60 (d), he did not do so. Moreover, a motion under this Code section would have been to no avail because Jenkins knew or should have, in the exercise of reasonable diligence, discovered that his suit had been dismissed. See *Marshall v. Marshall*, 257 Ga. 494, 495 (360 SE2d 572) (1987); *Herringdine v. Nalley Equip. Leasing*, 238 Ga. App. 210, 215 (517 SE2d 571) (1999); *Lee v. Henson*, 198 Ga. App. 701, 702 (402 SE2d 548) (1991). Defense counsel stated in an affidavit that she received a copy of the transfer order three days after it was entered. Bridgestone/Firestone also argued that they sent two pleadings in September 2001 to Jenkins's counsel explicitly stating that costs were in arrears and the case had been dismissed. Bridgestone/Firestone also pointed out that even assum-

ing counsel did not receive any of the notices sent to him, he knew the case was being transferred and should have checked on the status of the case himself.

Finally, there is a presumption in favor of the regularity and legality of all proceedings in superior court and there is also a presumption that the clerk gave notice as required. *Murer v. Howard,* 165 Ga. App. 230 (299 SE2d 151) (1983).

In view of these presumptions and for all the reasons discussed above, the trial court abused its discretion in granting Jenkins's motion to vacate the dismissal of his suit. *Housing Auth. of Atlanta v. Parks,* 189 Ga. App. 97 (374 SE2d 842) (1988).

*Judgment reversed. Barnes and Adams, JJ., concur.*

DECIDED APRIL 17, 2003.

*Holland & Knight, Alfred B. Adams III, Laurie W. Daniel, C. Andrew Head, Gilbert, Harrell, Gilbert, Sumerford & Martin, Lisa G. Wood,* for appellant.

*Solomon A. Amusan,* for appellee.