A04A1020. CLARK et al. v. SCOTT et al.
(602 SE2d 293)

JOHNSON, Presiding Judge.

Dolmeshia Clark, Darian Clark, Deaira Clark, Laraya Wimby, Arnold Smith and Ronald Smith (the "appellants") sued Jerry Scott, Robert Stagner and RJW Transport, Inc., in the State Court of Fulton County. The suit was based on negligence concerning an automobile collision. The parties agreed that venue was not proper in the State Court of Fulton County, and on June 13, 2001, the Fulton County State Court judge assigned to the case entered an order transferring the case to the Superior Court of Bibb County. The transfer order directed the clerk of the State Court of Fulton County to promptly compute the court costs, including the cost incident to preparing and transferring the record, and to notify the appellants' attorney in writing of the amount of the court costs. The order further noted that if costs were not paid by the appellants within 20 days, "the case shall automatically stand dismissed without prejudice."

Subsequently, the case was transferred to Bibb County. However, Bibb County Superior Court Judge Bryant Culpepper dismissed the Bibb County action, finding that Bibb County did not have jurisdiction of the case because the appellants had failed to timely pay the Fulton County court costs, thus resulting in an automatic dismissal

of the Fulton County case. Because the Fulton County case was dismissed automatically, there could be no transfer of the action to Bibb County. The appellants appeal from that ruling. We find no error and affirm the Bibb County court's dismissal of the action.

The relevant facts of the case are undisputed. The clerk of the State Court of Fulton County mailed the appellants' attorney a statement of court costs on August 15, 2001.[1] The appellants' attorney received the statement of court costs on August 16, 2001. In this statement of court costs, the clerk informed the appellants as follows: "You have twenty (20) days from the date of this letter to pay the aforementioned costs. If the costs are not received within that time, the case stands automatically dismissed without prejudice." The payment of court costs was received and entered by the Fulton County State Court on September 5, 2001.

Clearly, the record shows that the court costs were received 21 days after the Fulton County clerk's statement of court costs was mailed. However, the appellants argue that their payment of court costs was timely because the 20-day payment period should begin when the statement of court costs is received, not when it is mailed by the court clerk. This argument flies in the face of the clear language of the transfer rule and has been decided adversely to the appellants.

Uniform Superior Court Rule 19.1 (G), which applies to state courts and addresses the transfer of cases, states, in pertinent part, "Plaintiff shall pay the costs within 20 days of mailing or delivery of the cost bill; if costs are not paid within that time, the action shall automatically stand dismissed, without prejudice." We have previously rejected arguments contending that the 20-day period does not begin to run until an attorney actually receives the bill. In fact, on two occasions we have found dismissal proper even though the plaintiffs' attorneys argued that they never received the statement of costs from the court clerk, finding that USCR 19.1 (G) does not require receipt.[2]

In the present case, the record clearly shows that court costs were not paid until 21 days after the statement was mailed to the appellants' attorney. Once the 20 days passed without payment of the transfer costs, the Fulton County case was automatically dismissed by operation of law and was no longer pending.[3] Any further action in

---

[1] While the appellants' attempt to argue on appeal that "it is not beyond the realm of reason" that the statement of costs was not mailed until August 16, 2001, this argument was not raised below and is, therefore, waived. See *Aukerman v. Witmer*, 256 Ga. App. 211, 218 (3) (568 SE2d 123) (2002). In addition, the record clearly shows that the appellants admitted the statement of costs was mailed on August 15, 2001.

[2] See *Bridgestone/Firestone North American Tire v. Jenkins*, 261 Ga. App. 20, 21 (1) (582 SE2d 9) (2003); *Drury v. Wall*, 234 Ga. App. 95, 96 (506 SE2d 646) (1998).

[3] See *Bridgestone/Firestone North American Tire*, supra at 20-21 (1).

the Fulton County case, including a transfer to Bibb County, was a mere nullity.[4] Bibb County did not have jurisdiction of the case, and the Bibb County court did not abuse its discretion in granting Scott's motion to dismiss.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED JULY 15, 2004.

*Fred S. Gates*, for appellants.

*Miller, Cowart & Howe, Wallace Miller III, Dennis, Corry, Porter & Smith, Raymond J. Kurey*, for appellees.