### A08A1256. HUDGINS et al. v. GEORGIA DEPARTMENT OF LABOR.
(669 SE2d 449)

BARNES, Chief Judge.

Sonya Hudgins, as administratrix of the estate of Floy Stubbs Hughes and on behalf of his heirs, sued the Georgia Department of Labor d/b/a Roosevelt Warm Springs Institute of Rehabilitation for wrongful death. The trial court found that the case had been automatically dismissed because Hudgins did not pay the costs to transfer the case from Fulton County to Upson County within 20 days of the date Fulton County mailed the bill of costs. Hudgins appeals, and for the reasons that follow, we reverse.

The Fulton County trial court signed a consent order transferring the case to Upson County. The order provided: "Upon being billed by the Clerk of Court, Plaintiff must pay costs within twenty (20) days, in accordance with Uniform Transfer Rule T-11, 251 Ga. at 894, or this case shall automatically stand dismissed without prejudice." The Fulton County clerk of court mailed the bill of costs to plaintiff on May 15, 2007, and the bill stated, "Transfers are subject to dismissal by the court if these costs are not paid within 20 days of your receipt of this notice." Hudgins received the bill on May 17, 2007, and mailed the costs to Fulton County via UPS overnight on June 4, 2007. Fulton County received the payment on June 5, 2007, 21 days after it mailed the bill and 19 days after Hudgins received the bill.

The parties proceeded with discovery in Upson County, then Hudgins stipulated the case to a jury trial calendar and submitted her part of a proposed pre-trial order. Roosevelt Institute questioned whether Upson County had jurisdiction to hear the case, arguing that because Hudgins did not pay costs within 20 days of the date Fulton County mailed the bill of costs, the case stood dismissed. The trial court held a hearing on that issue, during which a clerk of the Fulton County Superior Court testified regarding the processes of the clerk's office. Hudgins' counsel stated in his place that he received the bill on May 17, 2007 and mailed the costs to the clerk via

overnight delivery on June 4, 2007. The checks were delivered to the clerk's office on June 5, 2007.

Uniform Superior Court Rule 19.1 (G), which addresses the transfer of cases, provides: "Plaintiff shall pay the costs within 20 days of mailing *or delivery* of the cost bill; if costs are not paid within that time, the action shall automatically stand dismissed, without prejudice." Uniform Transfer Rule 11 likewise provides that when a trial court files an order transferring a case, the clerk of the court must promptly compute the court costs and notify the plaintiff of the amount due in writing. The rule further provides: "Plaintiff shall pay the unpaid costs within twenty (20) days of mailing *or delivery* of the cost bill" or the case stands automatically dismissed. In this case, the plaintiff paid the costs within 20 days of *delivery* of the bill. Accordingly, the trial court erred in concluding that it lacked subject matter jurisdiction over this case and concluded that it was dismissed by operation of law.

Neither *Clark v. Scott*, 268 Ga. App. 554 (602 SE2d 293) (2004), *Drury v. Wall*, 234 Ga. App. 95 (506 SE2d 646) (1998), nor *Bridgestone/Firestone &c. v. Jenkins*, 261 Ga. App. 20 (582 SE2d 9) (2003), requires a different conclusion. In *Clark v. Scott*, the statement of court costs instructed the plaintiff he had 20 days "from the date of this letter to pay the aforementioned costs" or the action would stand dismissed. Plaintiff paid 21 days after the date of the letter, and therefore, we held, the action stood dismissed. In contrast, the statement of court costs in this case provided that payment had to be made within 20 days of *receiving* the notice. While the trial court correctly noted that, per *Miranda v. Rodriguez*, 255 Ga. App. 233 (564 SE2d 830) (2002), the clerk's office notice did not change the transfer order or the law, the notice stating that Hudgins had 20 days from either mailing *or delivery* does not conflict with the transfer order stating that "upon being billed," Hudgins must pay within 20 days or suffer dismissal. Hudgins paid the costs within 20 days of the bill's delivery. Therefore, the payment was timely and the case did not stand dismissed.

In *Drury v. Wall*, supra, although we stated in dicta that the twenty days began running when the clerk mailed the bill of costs, we also stated that "even if receipt were required," plaintiff's employee had signed the return receipt proving delivery and plaintiff did not pay the bill for six months. We did not consider whether a bill paid within 20 days of its delivery was timely. Similarly, in *Bridgestone/Firestone &c. v. Jenkins*, supra, we did not address whether the twenty days began running upon mailing or delivery, because the issue was whether the trial court could vacate the dismissal eight and a half months after the transfer order was entered and after the expiration of two terms of court. The transfer

order directed the plaintiff "to pay the transfer fee and other costs within 20 days." We held simply that the court could not vacate the dismissal "[o]nce the 20 days passed without payment of the transfer costs." Id.

Based on the foregoing, we need not address Hudgins' remaining enumerations of error.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 7, 2008.

*Eason, Kennedy & Crawford, David S. Crawford, Ford, Dean & Mallard, William A. Dean,* for appellants.

*Thurbert E. Baker, Attorney General, Bryon A. Thernes, Assistant Attorney General,* for appellee.