A10A0902. ABRAHAM v. HANNAH.
(702 SE2d 904)

SMITH, Presiding Judge.

In this discretionary appeal, Mark Abraham appeals pro se from the trial court's order entering judgment in favor of Janell Hannah in the amount of $1,575. Abraham asserts, in part, that the trial court entered this judgment after holding a hearing without giving him notice.

1. The record shows that on September 11, 2008, a jury returned a verdict in Abraham's favor in the amount of $850 for medical expenses. On October 10, 2008, Hannah filed a motion for judgment under OCGA § 9-11-68 (b) based upon a previous offer of judgment letter in the amount of $2,500 sent to Abraham's former counsel. It appears from the record before us that Abraham's counsel moved to withdraw on October 20, 2008, and the trial court issued an order approving this withdrawal on October 28, 2008.

On January 21, 2009, the trial court issued an order stating:

> This matter came on for hearing . . . on November 25, 2008 on Defendant's Motion for Judgment. The jury having returned a verdict in the amount of $850 in favor of Plaintiff, and it further appearing to the Court that Defendant made a previous Offer of Judgment in the amount of $2500, the Court finds that Defendant have judgment for attorney's fees and expenses against Plaintiff in the amount of $2,425. The Court therefore enters final judgment in favor of Defendant Janelle Hannah in the net amount of $1,575, and the Clerk is directed to enter final judgment in that amount on the docket of the court.

The record maintained by the trial court clerk's office does not document that notice was provided to Abraham of the November 25, 2008 hearing. Hannah's brief acknowledges that a hearing was held and appellant did not appear, but it contains no argument that appellant received notice of the hearing. As a result, we must vacate the trial court's order, and remand this case to the trial court to give notice and hold another hearing. See *Apex Supply Co. v. Johnny Long Homes, Inc.*, 143 Ga. App. 699, 701 (2) (240 SE2d 171) (1977) (holding "both parties should be notified of [a] hearing with an opportunity of attending and voicing any objection that may be

properly registered" [Cits.]).

2. Abraham's remaining enumerations of error are rendered moot by our holding in Division 1.

*Judgment vacated and case remanded with direction. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 9, 2010.

Mark Abraham, *pro se.*

*Bridges, Ormond & DeMetz, Frederick A. Johnson, Sharon E. Andrews, Jacob S. Eby,* for appellee.