**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**December 9, 2020**

# In the Court of Appeals of Georgia

A20A1725. FORD v. CARTER.

RICKMAN, Judge.

Carolyn Ford filed a slip-and-fall action against Connie Carter four days before the running of the applicable limitation period but did not serve Carter with process until 12 weeks later. The trial court granted Carter's motion to dismiss on the ground that Ford failed to present evidence that she acted diligently in attempting service after the statute of limitation expired. Ford appeals, arguing that her counsel was protected from having to respond to Carter's motion to dismiss by the automatic stay granted to members of the General Assembly, and that, therefore, the trial court erred by ruling on the motion. We hold that Ford's counsel was entitled to rely on the trial court's scheduling order recognizing that an automatic stay was in effect at the time she was required to respond to the motion to dismiss. We therefore reverse.

The record shows that Ford filed suit against Carter on May 24, 2019 for injuries that allegedly occurred on May 28, 2017. Carter was served with the summons and complaint on August 23, 2019. Carter answered and asserted defenses, including insufficient service of process because service occurred after the applicable limitation period had expired. Pursuant to the trial court's preliminary case management order, the parties submitted a proposed scheduling order, which the court approved and signed.

In the scheduling order, which both attorneys signed, Ford's co-counsel Harold V. Jones II notified the court that as a member of the General Assembly he was entitled to statutory leave of court under OCGA § 17-8-26 beginning on January 6, 2020.[1] Nevertheless, on December 13, 2019, Carter moved to dismiss on the ground that the applicable limitation period had run and that Ford had failed to act diligently in attempting to perfect service thereafter; Ford's response was due on Monday, January 13, 2020, within the stay.[2] She did not respond to the motion. Nine days later,

---

[1] The notice included that, in accordance with the statute, the leave would commence on January 6, 2020, one week in advance of the legislative session, and conclude on or about April 20, 2020.

[2] A party opposing a motion to dismiss must "file a response, reply memorandum, affidavits, or other responsive material" within 30 days after service of the motion. See Uniform Superior Court Rule 6.2.

the court dismissed Ford's action on the ground that Ford had failed to carry her burden of demonstrating diligence in effecting service. Ford appeals and contends the trial court erred by failing to respect the statutory leave of court when it ruled on Carter's motion to dismiss.

Under Georgia law, a member of the General Assembly who is "the attorney for a party to a case. . . pending in any trial or appellate court or before any administrative agency of this state shall be granted a continuance and stay of. . . all aspects of the case," including from having to respond to motions. See OCGA § 17-8-26 (a). The statute is somewhat ambiguous in that it is unclear if the stay applicable to members of the General Assembly only applies to someone "who is the lead counsel for a party to a case"; the statute could be read as applying this limitation

3

only to another category of legislative personnel.[3] And the record shows that Charles Lyons, not Jones, was lead counsel for Ford.

We need not resolve this issue, however, because we hold that Ford's counsel was entitled to rely on the court's adoption of the proposed scheduling order including the stay, regardless of whether the stay was fully supported by the language of the statute. In the proposed scheduling order, Attorney Jones notified the court of the stay and the relevant dates, Carter's counsel signed off on the proposed scheduling order, and the trial court executed the scheduling order. Accordingly, the

[3] The first sentence of OCGA § 17-8-26 provides:
A member of the General Assembly who is a party to or the attorney for a party to a case; any member of the Office of Legislative Counsel, including the legislative counsel and persons provided for under subsection (d) of Code Section 28-4-3, appearing on behalf of the General Assembly in a case; or any member of the staff of the Lieutenant Governor, the Speaker of the House of Representatives, or the chairperson of the Judiciary Committee or Special Judiciary Committee of the Senate or of the Judiciary Committee or Judiciary, Non-civil Committee of the House of Representatives *who is the lead counsel for a party to a case* pending in any trial or appellate court or before any administrative agency of this state shall be granted a continuance and stay of the case.

(Emphasis supplied.)

parties were entitled to rely on the scheduling information contained therein, including the applicability of the stay. Cf. *Smith v. Williams*, 256 Ga. App. 664, 664 (569 SE2d 598) (2002) (it is reasonable for a party and her counsel to rely on the court's order specially setting the trial to a certain date); see generally *Cryomedics, Inc. v. Smith*, 180 Ga. App. 336, 337 (349 SE2d 223) (1986) ("[I]t is not the policy of Georgia courts to set up procedural traps for the unwary. Rather, it is our duty to liberally construe the CPA to reach the merits of each case in order to do substantial justice to the parties.").

The continuance and stay ran from one week prior to the beginning of the legislative session through three weeks after the end of the session. See OCGA § 17-8-26 (a). Ford's response to the motion to dismiss was due during this period and the trial court granted the motion during this period. Under the stay, Ford was relieved of her obligation of having to respond to Carter's motion to dismiss and from the court entering a dispositive order. For this reason, the trial court erred by granting Carter's motion to dismiss. On remand, Ford should be given an opportunity to respond to the motion.

*Judgment reversed. Dillard, P. J., and Brown, J., concur*.