# Court of Appeals
# of the State of Georgia

ATLANTA,  July 26, 2021

*The Court of Appeals hereby passes the following order:*

**A21D0396. TOORAK CAPITAL PARTNERS, LLC v. JDZ INVESTMENTS, LLC.**

JDZ Investments, LLC ("JDZ Investments") brought this lawsuit against Toorak Capital Partners, LLC ("Toorak") and Wilmington Savings Fund Society FSB d/b/a Christiana Trust as Trustee for Toorak Repo Seller I Trust ("the Trust"). Subsequently, JDZ Investments filed a motion for default judgment, and Toorak and the Trust filed a motion to open default. On March 24, 2021, the trial court issued an order granting the motion for default judgment and denying the motion to open default. In that order, the trial court granted JDZ Investments default judgment as to liability only, and stated that a hearing on damages and equitable relief would be set at a later date.

Subsequently, Toorak and the Trust filed a motion for reconsideration and to set aside default judgment. On April 19, 2021, the trial court issued an order denying that motion. Toorak then filed the instant application for discretionary review of the April 19, 2021 order.[1] We lack jurisdiction.

A default judgment as to liability only is not a final judgment. See *Cryomedics, Inc. v. Smith*, 180 Ga. App. 336, 337-338 (349 SE2d 223) (1986); *Holloway v. McMichael*, 151 Ga. App. 802, 802-803 (261 SE2d 747) (1979). Here, the trial court has entered default judgment as to liability only, and the issue of damages and

---

[1] This Court granted Toorak an extension of time to file the instant application. Case No. A21E0045 (May 17, 2021). Toorak and the Trust previously filed an application for interlocutory review of the April 19, 2021 order, which this Court denied. Case No. A21I0207 (June 7, 2021).

equitable relief remains pending below. Accordingly, Toorak was required to comply with the interlocutory appeal requirements, which include obtaining and providing a certificate of immediate review from the trial court, in order to appeal the April 19, 2021 order. See OCGA § 5-6-34 (b); *Holloway*, 151 Ga. App. at 803. In addition, the discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

Because Toorak failed to comply with the interlocutory appeal requirements, we lack jurisdiction to consider this discretionary application, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  07/26/2021
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.