**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

April 11, 2025

# In the Court of Appeals of Georgia

A25A0449. LOFTS OF EAST POINT CONDOMINIUM ASSOCIATION v. BLACKMON.

HODGES, Judge.

Defendant Lofts of East Point Condominium Association appeals the trial court's Final Order and Judgment in favor of plaintiff Nathaniel Blackmon. Lofts of East Point contends that the judgment should be reversed because it did not receive proper notice of the trial date to determine Blackmon's damages following its default. For the reasons explained below, we vacate the trial court's order and remand for further consideration of whether Lofts of East Point was properly notified of the trial date.

The record shows that Blackmon sued Lofts of East Point and its president, Omar Kinnebrew (collectively, the "defendants"), on January 27, 2023, claiming

damages and conversion stemming from Blackmon's purchase of an allegedly uninhabitable loft. Blackmon specifically claimed that Lofts of East Point owed him money for repairs he made to the loft and that it allegedly converted insurance proceeds paid for these repairs. Lofts of East Point was purportedly served,[1] but failed to answer the complaint. On May 4, 2023, Blackmon moved for entry of default judgment.

The case was placed on an October 23, 2023 trial calendar and, subsequently, a February 1, 2024 trial calendar. The parties were notified on December 21, 2023, of the February trial calendar. On January 25, 2024, an attorney entered an appearance on behalf of the defendants and requested a continuance, which the trial court denied the following day.

On February 26, 2024, the trial court entered a final order and judgment in favor of Blackmon for $20,714.25 after hearing evidence and finding that the action was in default and that more than 15 days had elapsed since the date of default without the default being opened as a matter of right or by order of the court. The defendants

---

[1] Although the record contains an affidavit of service, Lofts of East Point asserted below that service on it was improper. That issue is not presently before us on appeal.

did not appear for the trial, and the trial court's order does not identify the trial date. Thereafter, on March 7, 2024, Lofts of East Point filed an answer and moved to set aside the default judgment and judgment for damages. Lofts of East Point contended that: (i) it did not file an answer because it was not properly served; and (ii) it did not receive notice of the trial date. Blackmon countered, arguing that Lofts of East Point waived its improper service argument when its attorney made a general, as opposed to a special, appearance in the case. On March 21, 2024, prior to the court ruling on its motion to set aside, Lofts of East Point filed a notice of appeal from the trial court's final order and judgment entered on February 26, 2024. This appeal followed.

Lofts of East Point argues on appeal that the final order and judgment should be reversed because it did not receive proper notice of the trial date. We are constrained to agree given the record before us.

OCGA § 9-11-40 (c) requires trial courts to provide notice to parties of "the placing of actions upon the trial calendar[.]" See *Smith v. Williams*, 256 Ga. App. 664 (569 SE2d 598) (2002) ("OCGA § 9-11-40 (c) provides that courts shall place cases on the trial calendar and provide notice to the parties."). Our Supreme Court previously has held that knowledge of the month of the trial, without specific

knowledge of the trial date, does not provide a party with adequate notice of a trial date. *Wright v. Wright*, 270 Ga. 229, 231 (509 SE2d 902) (1998) (finding that a party's due process rights were violated where he received notice that the trial would be in November, but not when in November). "A trial court abuses its discretion in denying a motion to set aside the judgment where a party did not have sufficient notice of the trial." (Citation and punctuation omitted.) *Rampersad v. The Plantation at Bay Creek Homeowners Assn.*, 362 Ga. App. 329, 334 (3) (b) (868 SE2d 475) (2022) (vacating denial of motion to set aside where no evidence in the record rebutted party's testimony that she never received a copy of the trial notice from the court).

Here, the trial court's notice of its four-week trial calendar beginning February 1, 2024, indicated that counsel "will be notified individually when to appear for trial and all cases will be on two (2) hour notice." Lofts of East Point claims it did not receive any individual notification of the trial date, and we cannot tell from the record or the trial court's order whether this required notice was given. The trial court's final judgment simply notes that "Defendants failed to appear."

In addition, Blackmon does not dispute in any pleadings below or in his appellate brief that Lofts of East Point was entitled to[2] and failed to receive individual notification of the trial date; he merely argues that Lofts of East Point was in default and the court's judgment was based on the default, not on any trial or hearing. This argument lacks merit. The trial court's order indicates that it "hear[d] evidence presented by the Plaintiff, testimony of the Plaintiff, and arguments by Plaintiff's counsel[.]" Indeed, notwithstanding Blackmon's purported entitlement to a default judgment as to liability, a trial was required to determine the actual amount of damages in this case involving repairs made to the loft and insurance proceeds allegedly converted by Lofts of East Point. See OCGA § 9-11-55 (a) (providing that,

[2] Blackmon did not argue either below or on appeal that Lofts of East Point waived its right to receive notice of the trial by failing to file a timely answer. See OCGA § 9-11-5 (a) (providing that "the failure of a party to file pleadings in an action shall be deemed to be a waiver by him or her of all notices, including notices of time and place of trial"). Regardless, it is unclear whether the trial court was obligated to provide Lofts of East Point notice of the actual trial date once it sent the trial calendar notice specifically informing parties that the court would be individually notifying them when to appear for trial. In any event, "because [Blackmon] has not made this argument, we need not resolve this question here." *Rampersad*, 362 Ga. App. at 335 (3) (b), n. 5. See *Turner v. Flournoy*, 277 Ga. 683, 686 (2) (594 SE2d 359) (2004) (noting that, with only "rare exceptions," appellate courts should decide only the issues actually presented by the parties: "when we decide an issue sua sponte, we invite error because the issue has not been fleshed out fully; it has not been researched, briefed and argued by the parties").

when a case in default involves unliquidated damages, "the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury, with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages . . . ."). Given the circumstances of this case, Lofts of East Point was entitled to proper notice of that trial and to rebut evidence of the amount of damages.

In short, Blackmon has cited no evidence in the record that rebuts Lofts of East Point's assertion that the trial court failed to give it individual notice of the actual trial date. Nor does the trial court's final order indicate that individual notice of the actual trial date was given to Lofts of East Point. Furthermore, the trial court has not had an opportunity to address this issue — raised in Lofts of East Point's motion to set aside — prior to this appeal. Accordingly, we vacate and remand for the trial court to consider whether Lofts of East Point was properly notified of the trial date and

entitled to set aside the default judgment.[3] See *Rampersad*, 362 Ga. App. at 334-335 (3) (b); *Abraham v. Hannah*, 306 Ga. App. 735 (1) (702 SE2d 904) (2010).

*Judgment vacated and case remanded with direction. McFadden, P. J., and Pipkin, J., concur.*

---

[3] Lofts of East Point does not argue on appeal that it was entitled to set aside the default based on improper service, so we need not resolve that question here. That issue is properly reserved for the trial court to address when considering Lofts of East Point's motion to set aside.